Frank M. McKey, Appellee, *vs.* William Emanuel *et al.* Appellants.

*Opinion filed April 23, 1914.*

1. Bankruptcy—*bill by trustee in bankruptcy to set aside conveyance is not a creditor's bill.* A bill by a trustee in bankruptcy to set aside a deed to the bankrupt's wife as a voluntary conveyance in fraud of creditors is not a creditor's bill but is a bill to reduce to possession the equitable assets of the bankrupt, and may be filed without an execution having first been issued on the judgments secured by creditors of the bankrupt.

2. Same—*when conveyance to wife is void as to creditors.* A warranty deed to the wife made by the husband a few months before his bankruptcy may be set aside at the suit of the trustee in bankruptcy as in fraud of creditors, where it does not satisfactorily appear from the evidence that the transaction was regular and in good faith or the deed was based upon a valuable consideration.

3. Same—*after an adjudication in bankruptcy, creditors cannot reduce claims to judgment.* After an adjudication in bankruptcy and the appointment of a trustee, creditors will not be permitted to reduce their claims to judgment in the ordinary way, nor sue out an execution and levy the same on any part of the estate of the bankrupt.

Appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding.

S. A. McElwee, for appellants.

JAMES D. POWER, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On August 21, 1908, appellant William Emanuel conveyed his homestead in the city of Chicago to his wife, Fanny Emanuel, the other appellant here, by warranty deed. On January 23, 1909, James E. Stanley procured a judgment against William Emanuel in the municipal court of Chicago for $2900 and costs. On January 25, 1909, Emanuel filed his petition in bankruptcy in the United States district court and on the following day was adjudged a bankrupt. On February 11, 1909, Frank M. McKey, the appellee, was appointed trustee of the estate of Emanuel, and later filed his bill in the circuit court of Cook county to set aside the conveyance of Emanuel to his wife of August 21, 1908, as a voluntary conveyance made in fraud of Emanuel's creditors. The chancellor found the conveyance fraudulent and entered a decree directing Emanuel and his wife to convey the property to appellee, as trustee in bankruptcy, within thirty days, and in case of default of appellants in making conveyance that the master in chancery of that court should make the conveyance. This appeal has been prosecuted from that decree.

The first point urged by appellants is, that the decree should be reversed and the bill dismissed for the reason that no execution was shown to have ever been sued out on the Stanley judgment. This is not a creditor's bill filed by a judgment creditor to subject the real estate to the lien of his judgment, but is a bill by a trustee in bankruptcy for the purpose of reducing to possession the equitable assets of the bankrupt. It is not a prerequisite to the filing of such a bill that execution should have been issued upon judgments secured by creditors of the bankrupt. After the adjudication of bankruptcy no creditor would be permitted to reduce his claim to judgment in the ordinary way, nor

would he be permitted to sue out an execution and levy the same upon any part of the estate of the bankrupt.

The main contention of appellants is that the decree is not supported by the evidence. Appellants were the principal witnesses both on the part of the complainant and in their own behalf. They attempted to establish the fact that the transfer was *bona fide* and for a valuable and adequate consideration. Emanuel had been examined before the referee in bankruptcy in February, 1909, concerning the conveyance of this property to his wife, upon his failure to include it in his schedule, and a transcript of that testimony was offered and admitted in evidence. He testified before the referee, according to this transcript, that he could not explain how his wife's title to the property was secured; that it had been conveyed to her four or five months before the time of that examination; that he could not remember whether it was before he had been sued by Stanley or before he had learned that Stanley was making any claim against him. When he was asked if he ever sold that property to anyone, and particularly if he ever sold it to his wife, he replied, "Well, I am not able to state that positively just how the transaction was." He was then asked three questions, which varied in form but were all the same in substance, whether his wife had paid him any money or anything for that property. To each of these questions he replied that he did not remember just exactly how the matter was brought about. When asked if that was the best answer he could make, he replied that it was the best answer he could make at that time. On the hearing in this case he testified that at the time the deed was made and delivered his wife did not pay him any money. When Mrs. Emanuel was placed upon the stand she testified at the forenoon session of the court that she remembered when the deed was made and that at that time she paid her husband $200. When recalled to the stand in the afternoon she testified that the $200 had been paid long

before the deed was made out, and that she made no payment at the time the deed was executed and had paid nothing since about two weeks prior to that time, when she made a payment of $500. Emanuel further testified that at the time the deed was made out he had no attorney in his employ; that he had not been sued by Stanley at that time and that the attorney who conducted that suit for him did not prepare the deed for him; that he was a chiropodist and had among his patients an attorney whom he secured to prepare the deed, but he did not remember who he was.

The proof discloses that the summons in the Stanley case was served upon Emanuel on August 10, 1908,—eleven days before he executed the deed,—and that on August 13, 1908, the appearance of Emanuel was entered in the Stanley case by the attorney who represented him in the trial of that suit. It is thus clearly disclosed that before the making of the deed Emanuel not only had notice of Stanley's claim, but he had been served with summons in the suit, had employed an attorney and had caused his appearance to be entered by such attorney.

The testimony of Emanuel and his wife is contradictory and quite unsatisfactory, and that of Emanuel was successfully impeached in material matters. While Emanuel was evasive and pretended to have no definite knowledge as to the net value of his property at the date of the conveyance to his wife, he admits that at that time he was not worth as much as the judgment Stanley had secured against him. Transactions of this kind between husband and wife are always subject to the closest scrutiny, and it must satisfactorily appear that the transaction was regular and in good faith. The chancellor was warranted in finding, from the evidence, that the conveyance from Emanuel to his wife was a voluntary one, made at a time when he was insolvent and for the purpose of defrauding his creditors.

The decree of the circuit court is affirmed.

*Decree affirmed.*