BRUNO KARDYNALSKI, Plaintiff-Appellant and Cross-Appellee, v. CHARLES W. FISHER, Defendant-Appellee and Cross-Appellant (Ethel Sue Fisher, Defendant-Appellee).

Second District   No. 84—0497

Opinion filed August 12, 1985.

644

Terence J. Tyksinski, of Chicago, for appellant.

Laurel A. Vietzen and William A. Bean, both of Bean & Spencer, of Downers Grove, for appellee Charles W. Fisher.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Bruno Kardynalski, appeals from an order of the circuit court of Du Page County which, following a bench trial, awarded judgment in his favor and against defendant, Charles W. Fisher, in the sum of $19,000, an amount approximately $8,695 less than that which plaintiff had requested. Plaintiff further asserts that the portion of the trial court's order which entered judgment against him and in favor of a second defendant, Ethel Sue Fisher, was against the manifest weight of the evidence. Charles Fisher has filed a cross-appeal from the portion of the judgment adverse to him. Ethel Sue Fisher has not filed a brief in this court, and the appeal is reviewed pursuant to the standards established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

This case is before the court on an agreed statement of facts (Supreme Court Rule 323(d), 87 Ill. 2d R. 323(d)) in lieu of a report of proceedings.

Plaintiff's complaint sought to set aside transfers of certain property by Thomas Fisher, against whom plaintiff had a workers' compensation claim, as done in fraud of creditors. In count I of his complaint plaintiff alleged that while plaintiff's workers' compensation claim was pending, Thomas Fisher had sold his home, receiving proceeds which were then transferred without consideration to his son, defendant Charles W. Fisher. In an amended count II, plaintiff asserted that Thomas Fisher and Ethel Sue Fisher, his wife, had ob-

tained a divorce during this period and that they had fraudulently negotiated a property settlement agreement which stripped Thomas Fisher of assets and left him without the means to pay the workers' compensation award. Plaintiff prayed that both conveyances be set aside as fraudulent.

Evidence at trial disclosed that plaintiff was injured in the course of his employment on December 27, 1972, while employed by Thomas Fisher as a construction worker. Plaintiff filed a workers' compensation claim, and on March 13, 1975, an arbitrator entered an award of $21,476.38. Following administrative review, judgment of $27,695.80 was entered in plaintiff's favor on June 21, 1977.

Ethel Sue Fisher commenced proceedings to divorce Thomas Fisher in November 1974, but that proceeding was dismissed for want of prosecution in December 1975. In September 1976, Mrs. Fisher petitioned for leave to reinstate her petition, and the cause was reinstated by agreement of the parties. A property settlement was negotiated on September 20, 1976, and a decree of divorce incorporating the agreement's terms was rendered on October 8, 1976. By terms of the settlement, Thomas Fisher conveyed all his assets, including an interest in a joint venture valued at $25,000, to Ethel Sue Fisher, while also assuming sole responsibility for all family debts. Following the divorce, Thomas Fisher continued to designate Ethel Sue Fisher as his wife and beneficiary for group life insurance purposes and for medical insurance coverage. They continued living together in a condominium unit held by a land trust, the beneficial owners of which are Thomas Fisher's two sons.

Thomas and Ethel Sue Fisher were married in 1968. Title to the marital home in Westmont was held in a land trust of which Thomas Fisher was sole beneficiary. On July 1, 1974, Thomas Fisher assigned his interest to Ethel Sue Fisher and to his two sons in equal shares as joint tenants. The property was sold on January 21, 1975, and the net proceeds of sale, totaling $38,640, were received by Thomas Fisher in March 1975. During the same month, Fisher gave the entire amount to his son, defendant Charles W. Fisher. There was no consideration for this transfer. Charles Fisher used these proceeds for living expenses and to finance a gambling trip to Las Vegas with his father. Charles Fisher testified that he received the proceeds of sale because the original purchase price for the home had been provided by the parents of Fisher's deceased first wife, and that Thomas Fisher had promised his first wife that the money would go to their sons. Fisher testified that he gave Charles the entire proceeds for living expenses and to help him in business.

Thomas Fisher filed for bankruptcy in January 1978 and was ultimately adjudicated a bankrupt.

Plaintiff contends that the judgment entered by the trial court against Charles W. Fisher represents a windfall of $8,695.80 to a party found by the court to have participated in a family scheme to defraud creditors. He claims an entitlement to judgment for the amount of the entire workers' compensation award ($27,695.80), plus statutory interest computed from June 21, 1977, to February 1, 1984. Plaintiff further claims an entitlement to attorney fees and costs of $5,261.03 as an element of damage. Charles W. Fisher defends the amount of the judgment and, by way of cross-appeal, asserts that the trial court erred in finding any fraudulent transfer of property.

■ The transfer of an interest in property may be set aside as fraudulent if it tends to hinder or defeat the rights of the grantor's creditors. (*Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 470 N.E.2d 518; see also Ill. Rev. Stat. 1983, ch. 59, par. 4.) Fraudulent conveyances fall into two categories. A conveyance may be fraudulent in law if the transfer is made for no consideration or for inadequate consideration, or fraudulent in fact if consideration was given but the transfer was made with the intent to defraud creditors. (128 Ill. App. 3d 149, 152-53, 470 N.E.2d 518, 521.) Here, where Charles Fisher received no consideration for his receipt of the proceeds of the sale of the marital home, the case is governed by the principles applicable to conveyances which are fraudulent in law. *First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 458 N.E.2d 193.

■ For a conveyance to be subject to being set aside as fraudulent in law, there must have been a voluntary gift, the donor must have existing or contemplated indebtedness and it must appear that the donor did not retain sufficient property to cover the indebtedness. (*Mills v. Susanka* (1946), 394 Ill. 439, 68 N.E.2d 904.) The voluntary character of the transfer at issue was established by the fact that no consideration for the conveyance was received. Further, the pendency of workers' compensation proceedings before the arbitrator in the same month in which the net proceeds of sale were transferred by Thomas Fisher to his son demonstrated the existence of an actual or contemplated indebtedness. (See *Tcherepnin v. Franz* (N.D. Ill. 1978), 457 F. Supp. 832, 839, *aff'd* (7th Cir. 1978), 570 F.2d 187, *cert. denied* (1978), 439 U.S. 876, 58 L. Ed. 2d 190, 99 S. Ct. 214; *Menconi v. Davison* (1967), 80 Ill. App. 2d 1, 225 N.E.2d 139.) The issue presented on the cross-appeal is whether Thomas Fisher retained sufficient assets following the transfer so that the third element of the test for conveyances fraudulent in law has not been established.

■ Charles Fisher argues that even following the transfer, Thomas Fisher retained a promissory note with a face value of $25,000, a relatively new automobile, other personal property and income from his employment. He asserts that the note was backed by substantial business property, consisting of a one-third interest with an appraised value of $25,000 in a joint venture in real estate. This argument, however, overlooks the operative effect of the terms of the parties' property settlement agreement, incorporated into a judgment for divorce which predated by more than eight months the completion of administrative review of the workers' compensation award. That agreement conveyed to Ethel Sue Fisher all of the household items of the parties, all of their intangible personal property and the 1975 Oldsmobile automobile. The agreement further assigned to Ethel Sue Fisher all of Thomas Fisher's right, title and interest in the $25,000 note. Therefore, while Thomas Fisher did, subsequent to the gift of money to his son, retain property out of which a workers' compensation award could have been paid, he had divested himself of most of that property prior to the point when the exact dollar amount of plaintiff's award was finally determined and execution thereon might have been had. The amount of property and income remaining to Thomas Fisher thereafter were not made a matter of record, but Fisher's filing for bankruptcy less than a year thereafter suggests that they were not substantial. Moreover, Charles Fisher has conceded that collection on the $25,000 note may be "difficult," and the trial court may well have had doubts as to whether a levy on this note by plaintiff would have produced sufficient proceeds to satisfy the judgment.

In our view, the third element of the test for conveyances fraudulent in law has been satisfied in this case, where the particular conveyance in question was one of two divestitures accomplished by Thomas Fisher during the pendency of workers' compensation proceedings, whose net effect was to deprive him of assets out of which the judgment could be satisfied. We therefore affirm the judgment against Charles W. Fisher, but agree with plaintiff that the amount of the judgment has been incorrectly computed.

■ In support of the amount of the judgment, Charles Fisher asserts that his father retained sufficient assets following the transfer to cover the entire indebtedness. He speculates, however, that the court may have decided that those assets were not sufficient to cover the entire debt and reduced correspondingly the amount of plaintiff's recovery. However, this argument not only is unsupported by any specific evidence in the record, it mistakes the purpose served by a show-

ing that a debtor lacked sufficient assets following a transfer to satisfy an adverse judgment. Such a showing is an element comprising the test for determining when a transfer is fraudulent in law. When satisfied, the test establishes a presumption that a conveyance was fraudulent in its entirety, and not simply to the extent that the debtor's remaining assets are inadequate. (See *Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 153, 470 N.E.2d 518, 521-22; *First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 791, 458 N.E.2d 193, 197.) Once the presumption has arisen, the burden falls upon the transferor or grantee to rebut the presumption by proof that adequate consideration was given for the conveyance or that, after the transfer, the debtor retained sufficient property to cover the debt. In view of the timing and extent of the combined transfers of Thomas Fisher's property, we conclude that the presumption of fraud was not rebutted and that there was no basis for an award of judgment in less than the amount of the debt which plaintiff sought to collect. Interestingly, it has not been suggested that Thomas Fisher's interest in the proceeds did not extend beyond an undivided half-interest, warranting a finding that his creditors could reach only half of the $38,000 net proceeds of sale. In any event, there is no support in the record even for this position, given evidence that Fisher had owned 100% of the beneficial interest in the land trust and the absence of evidence that any other party had contributed toward the purchase of the martial home. We therefore hold that the trial court erred in failing to award judgment for plaintiff in the amount of the underlying debt.

Plaintiff further claims an entitlement to interest on the judgment pursuant to section 12—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—109). Interest was prayed for in the complaint, but not awarded by the court. Interest upon judgments is purely statutory and did not exist at common law. (*Lorts v. Illinois Terminal R.R.* (1980), 80 Ill. App. 3d 974, 400 N.E.2d 715.) Although there is authority providing that the award of interest upon judgments is a matter addressed to the sound discretion of the trial court (*Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632), an award of interest was appropriate in the case at bar where collection of the judgment was frustrated by the judgment debtor's fraudulent conveyance of his property to other persons. (*Forrester v. State Bank* (1977), 52 Ill. App. 3d 34, 363 N.E.2d 904; *In re Application of Busse* (1984), 124 Ill. App. 3d 433, 464 N.E.2d 651.) However, plaintiff's claim for attorney fees must be denied for want of statutory authority. *Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 156, 470 N.E.2d 518, 523-24.

Plaintiff further asserts that the trial court's refusal to set aside the property settlement agreement incorporated in Thomas Fisher's divorce decree was against the manifest weight of the evidence. Ethel Sue Fisher's affirmative defense in the trial court was that pursuant to the terms of the property settlement agreement she "released and relinquished good and valuable property rights and personal rights in and to the property of *** Thomas Fisher and rights of support which were her personal rights by reason of the marriage to Thomas Fisher and that she released rights to property of Thomas Fisher, both real and personal to which she had a good and valid claim under the laws of the State of Illinois."

The parties' decree of divorce, incorporating their property settlement agreement, was introduced at trial as an exhibit. As noted above, the agreement granted Ethel Sue Fisher all of the household items of the parties, all of the intangible personal property of the parties, the 1975 Oldsmobile automobile and Thomas Fisher's right, title and interest in the outstanding $25,000 indebtedness. Thomas Fisher was obliged by the agreement to pay support and educational expenses of the parties' minor child, to provide medical insurance and to pay all extraordinary medical and surgical bills for all three of the children, to pay the indebtedness on the car and to pay the outstanding balance due on the parties' Sears charge account.

The sole advantages conferred upon Thomas Fisher by the agreement were the entitlement to claim the minor child as an exemption on his tax returns, the right to share equally in the existing balance of any checking or savings accounts or certificates of deposit owned by the parties, the release from any obligation to pay alimony or his wife's attorney fees and the release from obligation for payment of any other debts or obligations incurred by Ethel Sue Fisher. In view of the fact that Thomas and Ethel Sue Fisher continued to cohabit, there is no indication that Ethel Sue Fisher by this agreement released any good and valuable property or personal rights. Under the circumstances, the test for conveyances made in fraud of creditors has been satisfied, and the transfers of property effected pursuant to the terms of the property settlement agreement were fraudulent in law.

 ▮ Special scrutiny is applied to transfers between spouses where the debtor spouse is thereby rendered insolvent and unable to satisfy the claims of his creditors. (See *McKey v. Emanuel* (1914), 263 Ill. 276, 104 N.E. 1051; *Cairo Lumber Co. v. Ladenberger* (1941), 313 Ill. App. 1, 39 N.E.2d 596.) Where such circumstances exist, the burden of dispelling the implications of fraud as against preexisting credi-

tors is upon the debtor and spouse. (*Anderson v. Ferris* (1984), 128 Ill. App. 3d 149, 153-54, 470 N.E.2d 518, 522.) Since there was no showing that the debtor thereafter retained sufficient assets to cover the debts or that adequate consideration was given for the transfer, thus requiring that the case be analyzed under fraud-in-fact principles, the presumption of fraud has not been rebutted. The incorporation of the parties' agreement into a judicial decree does not alter this result. While judicial approval in such circumstances may represent a determination that the agreement is fair and equitable as between the parties to the divorce, it does not represent a determination that the agreement perpetrates no fraud upon the creditors of one spouse, particularly where the claims of the creditors are not made known to the court or provided for in the decree.

■ Plaintiff further maintains that the trial court's judgment in favor of Ethel Sue Fisher on count II of the amended complaint was based upon the court's view that a contrary result would invalidate the decree of divorce. This concern was not set out in the court's judgment and does not appear in the record. However, it is noted that plaintiff did not request an invalidation of the parties' divorce nor a disturbance of the operative terms of the settlement agreement insofar as they affected the respective rights of Thomas and Ethel Sue Fisher in their marital property. Thus, this court's reversal of the judgment of the trial court does not operate to disturb the divorce decree, except to the extent that it served to defraud the creditors of Thomas Fisher.

In accordance with the foregoing views, the judgment of the circuit court of Du Page county is reversed and the cause remanded with directions that judgment be entered in favor of plaintiff and against Charles W. Fisher in the amount of $27,695.80, plus statutory interest. The judgment in favor of Ethel Sue Fisher is reversed, and that the cause as to her is remanded for further necessary proceedings. The disallowance of plaintiff's attorney fees is affirmed.

Affirmed in part, reversed in part, and remanded.

NASH, P.J., and LINDBERG, J., concur.