Argued and submitted June 15, affirmed December 2, 1992, reconsideration denied
March 24, petition for review pending 1993

Donald R. GAMMELGAARD, Jr.,
Donald R. Gammelgaard, Sr., Marilyn Gammelgaard,
and Albert Harrison, Jr.,
*Respondents,*

*v.*

HILLIS PEAK ENTERPRISES, INC.,
an Oregon corporation,
James Dodson, Dogwood Enterprises, Inc.,
an Oregon corporation, and Lee Trippett,
*Appellants.*

(90-1074-E-2; CA A72025)

842 P2d 457

Jeannette Marshall, Medford, argued the cause and filed the briefs for appellants.

Jeffrey W. Foxx, Medford, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiffs brought this action to quiet title to a lode gold mining claim, a placer gold mining claim and an adjacent, dependent mill site. Defendants counterclaimed, seeking to quiet title to lode gold mining and placer claims that cover the same mineral ground that plaintiffs' mining claims and mill site occupy. At issue is whether plaintiffs' claims have lapsed due to non-compliance with Bureau of Land Management (BLM) filing requirements. The trial court entered judgments for plaintiffs and against defendants on their respective claims. After adverse rulings on motions for a new trial, defendants appeal. We review *de novo*. ORS 19.125(3). We affirm.

■ We first address whether the trial court had jurisdiction over the competing mining claims, all of which are located on BLM land.[1] 43 CFR § 4.450-1, which specifies the forum where private contests over mining claims on BLM land should be brought, reserves certain claims for BLM but is silent regarding the claims not so reserved. It provides, in part:

> "Any person who claims title to or an interest in land adverse to any other person claiming title to or an interest in such land * * * may initiate proceedings to have the claim of title or interest adverse to his claim invalidated [by BLM] for any reason *not* shown by the records of the Bureau of Land Management." (Emphasis supplied.)

BLM has interpreted 43 CFR § 4.450-1 to deprive it of jurisdiction over *any* dispute between rival mining claimants. *Gold Depository Co. Inc. v. Mary Brock et al.*, 69 IBLA 194, GFS (MIN) 24 (1983), was a case initially brought before BLM. The plaintiff sought to invalidate the mining claims of the defendants on the grounds that the defendants had failed to comply with BLM filing requirements. BLM, citing 43 CFR § 4.450-1, held that it had no jurisdiction and the Interior Board of Land Appeals (IBLA) affirmed. In reaching this

---

[1] Because neither the pleadings nor the judgment mentioned that the paramount title to the land in question remains in the United States, we requested supplemental briefing on the question of whether Oregon courts have jurisdiction to *quiet title* to an unpatented mining claim on federal land. We must determine our jurisdiction.

conclusion, IBLA noted that disputes to quiet title to possession, like this one, are particularly ill-suited for resolution by BLM, because they present pure questions of law not requiring agency expertise. *69 IBLA at 196.*

In this case, plaintiffs asked the trial court to quiet title in them and invalidate defendants' rival mining claims because plaintiffs' claims were first in time and because plaintiffs complied with BLM filing requirements. Those reasons were "shown by the records of the Bureau of Land Management," so 43 CFR § 4.450-1 deprives BLM of jurisdiction over the dispute. Because BLM did not have jurisdiction and because concurrent jurisdiction is presumed unless Congress has created exclusive federal jurisdiction, the case was properly in a *state* court. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 US 473, 477-78, 101 S Ct 2870, 69 L Ed 2d 784 (1981).

The pleadings of both parties characterized the action as one to quiet title to all right, title and interest in the mining claims, which are on federal land. That is what the trial court purported to do but, because paramount title to the land remains in the United States and because the United States was not a party, the trial court could not quiet title to *all* right, title and interests. *Livermore v. Beal*, 18 Cal App 2d 535, 64 P2d 987, *cert den* 302 US 713 (1937). However, despite the language of the pleadings and judgment, the case was tried by the parties and decided by the trial court solely on issues related to the right to *possession*; therefore, we review the case as a dispute over *possession* only.

■    We now turn to BLM filing requirements, an area of mining law that is as clear as mud. Much of the murkiness comes from overlapping layers of state and federal law. Owners of mining claims situated on federal land must make yearly filings pursuant to the laws of the state where the claim is located, federal regulations and the Federal Land Policy and Management Act (FLPMA). 43 USC § 1701 *et seq*. Some FLPMA requirements incorporate state law by reference. The penalty for failure to comply with a filing requirement varies according to whether the requirement is imposed by state law, federal regulation or FLPMA. Only failure to comply with certain specific FLPMA filing requirements can result in a forfeiture.

■ Defendants make several assignments of error alleging that plaintiffs failed to comply with various state and federal laws and regulations pertaining to mining claims. We consider only whether plaintiffs' possessory rights to the two claims and the mill site lapsed on December 31, 1988, before defendants located their new mining claims on roughly the same land. Defendants argue that plaintiffs' claims did lapse, because they failed to comply with the FLPMA filing requirements.

FLPMA requires owners of mining claims to file an "affidavit of assessment work" with BLM every year. 43 USC § 1744(a)(1). The affidavit must show that the owner expended money or labor during that year for the benefit of the mining claim. Defendants argued that, because the affidavit of assessment work did not include the name of the owner, as specifically required by 43 CFR § 3833.1-2(b), plaintiffs' affidavit was fatally defective and did not preserve their claims.

If a filing is not made by the annual deadline set by FLPMA, the statute creates a conclusive presumption that the mining claim has been abandoned. 43 USC § 1744(c).[2] For example, in *United States v. Locke*, 471 US 84, 105 S Ct 1785, 85 L Ed 2d 64 (1985), the Court held invalid a group of mining claims whose owners had filed affidavits one day late. However, courts have been more flexible when timely filed affidavits lack information required by federal regulations or state law.[3]

In *Jackson v. Robertson, supra* n 3, the 10th Circuit Court of Appeals held that a failure to include the name and address of the owner, as required by federal regulations, but not by FLPMA, did not render an otherwise proper filing

---

[2] 43 USC § 1744(c) reads:

"Failure to file as constituting abandonment; defective or untimely filing. The failure to file such instruments as required by subsections (a) and (b) of this section shall be deemed conclusively to constitute an abandonment of the mining claim or mill or tunnel site by the owner; but it shall not be considered a failure to file if the instrument is defective or not timely filed for record under other federal laws permitting filing or recording thereof, or if the instrument is filed for record by or on behalf of some but not all of the owners of the mining claim or mill or tunnel site."

[3] *See, e.g., Hickel v. Oil Shale Corp.*, 400 US 48, 91 S Ct 196, 27 L Ed 2d 193 (1970); *Jackson v. Robertson*, 763 F2d 1176 (10th Cir 1985).

fatally defective. The court noted that, under 43 CFR § 3833.4(b), failure to file supplemental information required by the regulations and not by the statute "shall not be deemed conclusively to constitute an abandonment."[4] 762 F2d at 1180. The trial court correctly held that the omission of the owners' name on the affidavit of assessment was not an abandonment of the claim.

■ ■  Defendants also argue that plaintiffs' affidavit of assessment was fatally defective because of noncompliance with Oregon law. ORS 517.210(4) and (5) require that the affidavit include the name and signature of the person on whose behalf the assessment work was performed and the actual amount paid for the work. That information was not included in the 1988 affidavit filed on behalf of the owners of the claim. However, non-compliance with state filing laws is not a failure to file under FLPMA, 43 CFR § 3833.4(c), and therefore does not result in a presumption of abandonment. Plaintiffs' 1988 affidavit, therefore, preserved their right to possession, even though it did not comply with state law.

Defendants' other assignments of error are either without merit or are raised for the first time on appeal, and we do not address them.

Affirmed.

---

[4] 43 CFR § 3833.4(b) provides, in part:

"The failure to file the information required in Section 3833.2-4(a) and (b) shall not be deemed conclusively to constitute an abandonment of the claim or site, but such information shall be filed within 30 days of receipt of a decision from the authorized officer calling for such information. Failure to file the information requested by the decision of the authorized officer shall result in the mining claim, mill site, or tunnel site being deemed conclusively to be abandoned and it shall be void."