Argued and submitted December 7, 1993, reversed and remanded April 20, 1994

Kelli GREENINGER,
*Respondent,*

*v.*

Linwood CROMWELL
and Doris Cromwell,
*Appellants.*

(91C-11083; CA A77995)

873 P2d 377

Kevin T. Lafky argued the cause and filed the brief for appellants.

John W. Lundeen argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants appeal the trial court's judgment that dismissed plaintiff's complaint without prejudice. ORCP 21A(1).[1] They argue that the trial court erred in treating their motions for summary judgment under ORCP 47 as motions to dismiss under ORCP 21A.

Plaintiff brought this action alleging that defendant Linwood Cromwell transferred his interest in certain property to defendant Doris Cromwell, "with the actual intent to hinder, delay or defraud" plaintiff in her efforts to collect her claim against Linwood.[2] Each defendant moved for summary judgment supported by affidavits on three alternative grounds: (1) that the property was transferred as a result of a dissolution judgment in Clatsop County involving defendants and that a division of marital property under a dissolution judgment is not a "transfer" within the meaning of the Uniform Fraudulent Transfer Act, ORS 95.200 *et seq*; (2) that plaintiff's claim is a collateral attack against a judgment and was brought in the wrong forum; and (3) that no genuine issues of material fact exist regarding whether the transfers were fraudulent.

The trial court issued a letter opinion granting defendants' motions for summary judgment. However, it subsequently withdrew its opinion and, in a second letter opinion, said:

> "The defendants' summary judgment motions questioned this Court's lack of subject matter jurisdiction. It is incorrect to test jurisdiction by summary judgment.[3] It is proper to do so by Rule 21[A] motion. It is incorrect to grant summary judgment for lack of subject matter jurisdiction.

> "Defendants' motions for summary judgment were, therefore, the functional equivalent of an ORCP 21 motion to dismiss based on subject matter jurisdiction, rather than the absence of genuine issues of material fact.

---

[1] ORCP 21A(1) provides for dismissal of a claim for failure to state facts establishing jurisdiction over the subject matter.

[2] Plaintiff obtained a judgment against Linwood after filing this action, which remains unsatisfied.

[3] We do not necessarily agree with that statement of law. Conceivably, a lack of jurisdiction could be established by the summary judgment record.

"This court treats Defendants' motions for summary judgment as motions to dismiss pursuant to Rule 21A and accordingly Defendants shall have an order dismissing Plaintiff's complaint for lack of subject matter jurisdiction without prejudice."

On appeal, defendants argue that the trial court was without authority to consider their ORCP 47 summary judgment motions to be the functional equivalent of ORCP 21 motions. They assert that they were entitled to summary judgment on their motions, which would have preclusive effect.

The trial court dismissed plaintiff's complaint for lack of subject matter jurisdiction. Regardless of whether that ground was raised in defendants' motions, it was the duty of the court on its own motion to refuse to proceed further if the complaint failed to allege facts that gave it subject matter jurisdiction. *McEwen et ux v. McEwen et al*, 203 Or 460, 470, 280 P2d 402 (1955). Subject matter jurisdiction is the authority to deal with the general subject involved. *Garner v. Alexander*, 167 Or 670, 120 P2d 238 (1941), *cert den* 316 US 690 (1942). It exists when the constitution, the legislature or the law has told a specific court to do something about the specific kind of dispute in issue. *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 566, 499 P2d 1309 (1972). Circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction. Or Const, Art VII, § 9; Or Const, Art VII (amended), § 2.

Plaintiff's claim seeks to establish that the dissolution judgment in Clatsop County was procured by the parties to defraud her as a creditor of Linwood. Contrary to plaintiff's assertion, her claim is a collateral attack on the judgment, because it is a "proceeding which was [not] instituted for the express purpose of annulling, correcting or modifying" the dissolution judgment. *See Morrill v. Morrill and Killen*, 20 Or 96, 101, 25 P 362 (1890). Rather, it is intended to impeach the effect of the judgment as to her. Apparently, the trial court believed that plaintiff's claim could only be brought in Clatsop County, the county in which the judgment was rendered. We can find no rule of law, nor have the parties cited us to one, in which we or the Supreme Court have held that jurisdiction over a claim like this one is limited to the same court that

entered the judgment.[4] We conclude that the trial court erred when it ruled on its own motion that it did not have subject matter jurisdiction.[5]

Moreover, the trial court was incorrect in treating defendants' motions as the functional equivalent of ORCP 21 motions. ORCP 47B specifically provides that a defending party may file a motion for summary judgment at any time "with or without supporting affidavits." When a summary judgment is merely an attack on the pleadings, it is the equivalent of an ORCP 21 motion in function. *See Johnson v. Johnson*, 302 Or 382, 388, 730 P2d 1221 (1986); *Humphrey v. Coleman*, 86 Or App 511, 514, 739 P2d 1081 (1987). ORCP 21 motions are decided based on the facts pleaded in the complaint. Here, the affidavits attached to the summary judgment motions demonstrate that the motions are more than a mere attack on the complaint. They aver facts that are not found in the pleading. Had the trial court ruled in favor of defendants on their summary judgment motions on any of the alternative grounds, plaintiff's claim would have been precluded. Under these circumstances, we hold that the trial court had no authority to treat defendants' motions as ORCP 21 motions absent their consent. Defendants were entitled to rulings on the motions before the court. *See Industrial Underwriters v. JKS, Inc.*, 90 Or App 189, 750 P2d 1216 (1988). We remand to the trial court to rule on the grounds raised by defendants in their summary judgment motions.

Reversed and remanded.

---

[4] We note that the Supreme Court has not invoked such a rule regarding collateral attacks on other kinds of judgments. *See State ex rel Costello v. Cottrell*, 318 Or 338, 867 P2d 498 (1994); *Hughes v. Aetna Casualty Co.*, 234 Or 426, 383 P2d 55 (1963).

[5] The trial court's ruling appears to be based on its incorrect understanding that "the [Clatsop County] judgment cannot be collaterally attacked until reversed or annulled." If a judgment is entered by a court without subject matter jurisdiction, it is void and subject to collateral attack. If a judgment is merely voidable, it is not subject to collateral attack by a party. *See Callahan v. Employment Division*, 97 Or App 234, 776 P2d 21 (1989). Plaintiff, a stranger to the Clatsop County judgment, does not claim that the judgment is void because of lack of subject matter jurisdiction. In *Hughes v. Aetna Casualty Co.*, *supra* n 4, the court said, regarding strangers to a judgment:

" 'Being neither parties to the action, nor entitled to manage the cause nor appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them so as to affect rights or interests acquired prior to its rendition.' " 234 Or at 447 (quoting 1 *Freeman on Judgments* § 319, 636-37 (5th ed 1925)).