Argued and submitted December 12, 1995, reversed and remanded April 17, petition for review denied July 16, 1996 (323 Or 690)

Kelli GREENINGER,
*Appellant,*

*v.*

Linwood CROMWELL
and Doris Cromwell,
*Respondents.*

(91C 11083; CA A88694)

915 P2d 479

John W. Lundeen argued the cause and filed the brief for appellant.

Kevin T. Lafky argued the cause for respondents. With him on the brief was Lafky & Lafky.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals from a summary judgment under ORCP 47 C[1] on her claim seeking to set aside alleged fraudulent transfers by defendants in violation of the Uniform Fraudulent Transfer Act (UFTA), ORS 95.200 to ORS 95.310. We reverse.

This case turns on a procedural issue and has an extensive history. In March 1990, plaintiff filed a civil action in Marion County alleging claims of sexual battery against defendant Linwood Cromwell (Linwood). Previous to plaintiff's civil action, Linwood was convicted of raping plaintiff and sentenced to three years in prison. In January 1991, defendant Doris Cromwell, Linwood's wife, filed an action in Clatsop County to dissolve her marriage with Linwood, while the civil action was pending. In February 1991, a jury returned a verdict for plaintiff in the civil case, awarding her damages. However, the Marion County court subsequently ordered a new trial because of a procedural error.

In May 1991, the Clatsop County court entered a stipulated judgment of dissolution of marriage that essentially transferred all of Linwood's real and personal property interests to Doris. Linwood was awarded the personal belongings in his possession and $300 per month in spousal support, payments to begin when he is released from prison. Doris received all of the real property owned by the parties, all of the parties' interest in various land sale contracts and all of the personal property owned by the parties, including, among other things, a motor home, various vehicles and a boat.

In November 1991, plaintiff filed this action alleging that the stipulated judgment was void as to her under the UFTA because Linwood acted with the intent to hinder, delay or defraud plaintiff in her efforts to collect a judgment against him.[2] In June 1992, the jury returned a verdict in

---

[1] In 1995 the legislature enacted Senate Bill 385, which amended ORCP 47 C. Or Laws 1995, ch 618, § 5. Because this case was pending at the time the act became effective, it is governed by the amended version. *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243 (1996).

[2] Even though plaintiff's claim was reduced to judgment after the transfers, her interests as a creditor are protected under the UFTA. ORS 95.230 provides:

favor of plaintiff awarding her $200,000 in damages on her claim of sexual battery.

Defendants moved for summary judgment in this case in November 1992, and the trial court granted the motion. On appeal, we reversed, *Greeninger v. Cromwell*, 127 Or App 435, 873 P2d 377 (1994), and held:

> "Plaintiff's claim seeks to establish that the dissolution judgment in Clatsop County was procured by the parties to defraud her as a creditor of Linwood. Contrary to plaintiff's assertion, her claim is a collateral attack on the judgment, because it is a 'proceeding which was [not] instituted for the express purpose of annulling, correcting or modifying' the dissolution judgment. *See Morrill v. Morrill and Killen*, 20 Or 96, 101, 25 P 362 (1890). Rather, it is intended to impeach the effect of the judgment as to her. Apparently, the trial court believed that plaintiff's claim could only be brought in Clatsop County, the county in which the judgment was rendered. We can find no rule of law, nor have the parties cited us to one, in which we or the Supreme Court have held that jurisdiction over a claim like this one is limited to the same court that entered the judgment. We conclude that the trial court erred when it ruled on its own motion that it did not have subject matter jurisdiction." 127 Or App at 438-39 (footnotes omitted).

On remand, defendants renewed their motion for summary judgment. The trial court granted the motion and in a letter opinion stated:

> "The court concludes defendant is entitled to summary judgment as a matter of law. There is no genuine issue of material fact. Plaintiff's complaint for fraudulent conveyance in Marion County is a collateral attack upon the judgment of dissolution."

In this appeal, plaintiff argues that her claim, although a collateral attack on the Clatsop County judgment, is permissible because there is evidence that defendants used

---

"(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

"(a) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]"

the dissolution proceeding as a vehicle to deprive her of her rights as a creditor. Two of defendants' responses to plaintiff's argument merit discussion.

First, defendants argue that this case is indistinguishable from our holding in *Wood v. White*, 28 Or App 175, 558 P2d 1289 (1977), in which the plaintiff argued that a dissolution of marriage judgment was void because a waiver of the waiting period to dissolve the marriage was obtained without a showing of emergency or necessity. We held that the improper waiver of the waiting period did not render the dissolution judgment subject to collateral attack. However, there were no allegations in *Wood* that the dissolution proceeding was intended to defraud the court or to facilitate a fraudulent conveyance, and, therefore, its holding is inapposite.

Second, defendants argue:

"Plaintiff may move to set this judgment aside as to her; she simply cannot do it in this fraudulent conveyance case. She must file an equitable proceeding directly attacking the judgment on the basis of fraud."

Not all collateral attacks against a judgment are impermissible. ORCP 71 C provides in part:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from judgment * * *."

In *Johnson v. Johnson*, 302 Or 382, 394, 730 P2d 1221 (1986), the plaintiff sought damages as the result of the defendant's fraud in the procurement of a judgment in their dissolution of marriage case. The Supreme Court recognized that a plaintiff could collaterally attack a dissolution judgment by an independent action on the ground of extrinsic fraud under ORCP 71 C. Significantly, the plaintiff's supplemental complaint did not seek to set aside the dissolution judgment. In *Johnson*, the court defined extrinsic fraud as "collateral acts not involved in the factfinder's consideration of the merits of the case." *Id.* at 384. Although the *Johnson* court denied relief to the plaintiff on the ground that she had shown only intrinsic

fraud, it is apparent from the opinion that a collateral attack based on extrinsic fraud is legally cognizable.

In this case, plaintiff's claim is that Linwood transferred all of his interest in their assets to Doris through the dissolution proceeding to avoid paying any judgment arising out of the previously adjudicated battery. Those are allegations of fact that would not necessarily be involved in any determination of what property division would be "just and proper" in an ORS 107.105 proceeding. Also, ORS 95.230 (1)(a) provides that a transfer made with "actual intent to hinder, delay, or defraud any creditor of the debtor" is fraudulent as to the creditor. ORS 95.200(12) defines a transfer:

> " 'Transfer' means *every* mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes a payment of money, a release, a lease and the creation of a lien or encumbrance." (Emphasis supplied.)

We conclude that plaintiff's claim that the Clatsop County judgment constitutes a fraudulent transfer under the UFTA contains allegations that, if proven, could constitute extrinsic fraud and permit a collateral attack on the Clatsop County judgment. Under the circumstances, the broad definition of "transfer" in the UFTA statute together with ORCP 71 C grant the trial court authority to provide an appropriate remedy to a creditor seeking to undo a fraudulent transfer.[3] The trial court erred when it granted summary judgment to

---

[3] In *Kardynalski v. Fisher*, 135 Ill App 3d 643, 482 NE2d 117 (1985), the court discussed the effect of a transfer under UFTA's predecessor, the Uniform Fraudulent Conveyances Act, by the use of a dissolution of marriage proceeding. The court stated, in part:

"Special scrutiny is applied to transfers between spouses where the debtor spouse is thereby rendered insolvent and unable to satisfy the claims of his creditors. * * * The incorporation of the parties' agreement into a judicial decree does not alter this result. While judicial approval in such circumstances may represent a determination that the agreement is fair and equitable as between the parties to the divorce, it does not represent a determination that the agreement perpetrates no fraud upon the creditors of one spouse, particularly where the claims of the creditors are not made known to the court or provided for in the decree." 482 NE2d at 122.

defendants on the ground that plaintiff's claim is an impermissible collateral attack on the Clatsop County judgment.[4]

Reversed and remanded.

---

[4] If the transfers of property are ultimately set aside, that does not necessarily affect the other portions of the dissolution judgment. The remedies under UFTA relate specifically to the fraudulent transfers. For instance, ORS 95.260 provides:

"(1) In any action for relief against a transfer or obligation under ORS 95.200 to 95.310, a creditor, subject to the limitations provided in ORS 95.270, may obtain:

"(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

"(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by an applicable provision of any other statute or the Oregon Rules of Civil Procedure."