Argued and submitted May 25, affirmed October 13, 1999, petition for review denied January 18, 2000 (329 Or 589)

Ron GIBSON
and Shon Gibson,
*Appellants,*

*v.*

PACIFIC SUMMA CAPITAL, INC.,
aka Pacific Summa Capital Corp.,
nka Pacific Summa Environmental;
Bristol Silica and Limestone of Rogue River,
aka Rogue River Minerals, Inc.;
Edward J. Young; James T. Stanley;
Robert R. Johnson; Oregon Silica Industries, Inc.;
Arthur Bariahtia; John Di Carlo; Michael Di Carlo;
Vincent Di Carlo; Raymond V. Ramano,
whose true name is Raymond V. Romano;
Anna Barbara Benkert,
*Defendants,*

*and*

NORTHWEST BASIC INDUSTRIES, INC.,
*Respondent.*

(96-0580-L 2; CA A104787)

987 P2d 1240

John R. Huttl argued the cause and filed the briefs for appellants.

James R. Dole argued the cause for respondent. With him on the brief was Schultz, Salisbury, Cauble & Dole.

*Before* De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Plaintiffs appeal from a judgment entered, pursuant to ORCP 67 B, declaring defendant Northwest Basic Industries, Inc. (NWBI) the legal owner of seven unpatented mining claims.[1] On appeal, plaintiffs argue, first, that the trial court did not have jurisdiction to decide ownership of unpatented mining claims that are located on federal land. Second, plaintiffs argue that it was error for the trial court to grant defendants' motion for partial summary judgment because averments in plaintiff Ron Gibson's affidavit created a question of material fact. Finally, plaintiffs argue that the trial court erred in imposing a constructive trust. We affirm the trial court and limit our discussion to plaintiffs' first two assignments of error.

The seven disputed mining claims at issue here are located on federal lands adjacent to a quarry operating on land owned by NWBI in fee simple. Ramex, Inc., a company controlled by plaintiff Ron Gibson, took over as operations manager at the quarry in June 1993. At that time, Gibson was a minority shareholder in NWBI, which owned the unpatented mining claims.

Under federal law, unpatented mining claims on federal lands are subject to annual filing requirements. The United States Department of the Interior (DOI) regulations state that "failure to make annual filings * * * shall conclusively constitute a forfeiture of the mining claim or site." 43 CFR § 3833.4(a)(1) (1998). In 1994, while acting as quarry manager, Gibson requested money from NWBI and its then majority shareholder, Pacific Summa Capital, Inc., to meet the annual filing requirement for the adjacent claims. Both companies declined to provide Gibson with financial assistance, and the filing requirements were not met. As a result, DOI declared the mining claims void. Gibson later relocated

---

[1] Plaintiffs brought suit to foreclose on certain mining liens and for damages. Defendants answered and asserted five counterclaims seeking, *inter alia*, a declaration that plaintiff Ron Gibson held the disputed mining claims, and all benefits derived from his business relationship with NWBI, in constructive trust for NWBI. Defendants moved for summary judgment on two of their five counterclaims. The trial court granted defendants' motion and entered judgment for defendants pursuant to ORCP 67 B. It is from this judgment that plaintiffs appeal.

(filed on) the disputed claims in his own name. *See* 43 CFR § 3830 (1998) (setting out federal location requirements).

■ Plaintiffs challenge the trial court's jurisdiction to enter judgment awarding ownership of the disputed mining claims. Jurisdiction lies with Oregon's circuit courts to adjudicate all matters not divested by statute or rule of law. Or Const, Art VII, § 9; *Greeninger v. Cromwell*, 127 Or App 435, 438, 873 P2d 377 (1994), *rev den* 323 Or 690 (1996). Plaintiffs contend that the trial court is deprived of jurisdiction in this case by regulations promulgated under the General Mining Law of 1872, 30 USC § 22 *et seq*. Specifically, plaintiffs contend that 43 CFR section 4.450-1 requires that private contests involving ownership of unpatented mining claims be brought before the Bureau of Land Management (BLM).[2] Plaintiffs overstate the reach of 43 CFR section 4.450-1.

■ In *Gammelgaard v. Hillis Peak Enterprises, Inc.*, 116 Or App 641, 644, 842 P2d 457, *rev den* 316 Or 527 (1993), we held that 43 CFR section 4.450-1 does not deprive Oregon courts of jurisdiction to determine possessory rights to unpatented mining claims on federal land. We based our holding in *Gammelgaard* on the premise that concurrent jurisdiction is presumed in the absence of exclusive federal jurisdiction. *Id*. at 644 (citing *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 US 473, 477-78, 101 S Ct 2870, 69 L Ed 2d 784 (1981)). That presumption may be rebutted by an explicit statutory directive, unmistakable implication from legislative history or by a clear incompatibility between state and federal interests. *Gulf*, 453 US at 478. Plaintiffs present no credible argument to rebut the presumption of concurrent jurisdiction in this case.

Plaintiffs attempt to distinguish *Gammelgaard* on the ground that it involves ownership of mining claims rather than mere possession. That distinction is unavailing. The United States holds paramount title to federal lands.

---

[2] The federal regulation provides:

"Any person who claims title to or an interest in land adverse to any other person claiming title to or an interest in such land * * * may initiate proceedings to have the claim of title or interest adverse to his claim invalidated for any reason not shown by the records of the Bureau of Land Management." 43 CFR § 4.450-1.

Courts cannot adjudicate all rights, title and interests in federal land unless the United States is a party. *Gammelgaard*, 116 Or App at 644. In light of the limited property rights that attach, the distinction between the right of possession and ownership of unpatented mining claims starts to blur. As in *Gammelgaard*, the issue before the trial court here is which of the two parties is entitled to exercise the limited rights that attach to valid unpatented mining claims. That question is within the trial court's jurisdiction.

■       In their second assignment, plaintiffs assert that the trial court erred in granting defendants summary judgment because, according to plaintiffs, averments in plaintiff Ron Gibson's affidavit created a material question of fact. In May 1997, defendants deposed plaintiff Ron Gibson. The following excerpt concerns the filing of the disputed mining claims in Gibson's name:

"Q. So it was in your name. Were you intending that you be the owner or that it be held by you in your name for the benefit of someone else?

"A. No. It was for the purpose of protecting all parties.

"Q. And who would all parties be? Would that include Pacific Summa and NWBI?

"A. Originally, it was designed to protect all of the stockholders relative to NWBI, because that's who the claims were held in, I being a stockholder in that. To protect that, the claims had to be filed on.

"Q. So you filed the claims in your name on behalf of all the stockholders of NWBI?

"A. Yes, I did.

"Q. And when did you decide that they should be held only for you personally?

"A. I didn't decide that at any point in time."

Later, in opposition to defendants' motion for summary judgment, plaintiff Ron Gibson supplied an affidavit purporting to contradict his deposition. The following averment forms the basis for plaintiffs' second assignment of error:

"In reading the Defendant's motion for summary judgment, I see that they make a claim that I filed claims for [NWBI]. In fact what I did was to file the claims in my own name, with the idea that I would protect the interests of the minority shareholders of [NWBI]. To my knowledge, I was the minority shareholder in [NWBI]."

The trial court, relying on *Clapp v. Oregonian Publishing Company*, 83 Or App 575, 732 P2d 928 (1987), concluded that "a contested issue of material fact cannot be created by inconsistent positions taken by one of the parties" and granted defendant's motion. Plaintiffs argue that it was error for the trial court to rely on *Clapp* because, in their view, *Clapp* was overturned by *Taal v. Union Pacific Railroad Co.*, 106 Or App 488, 809 P2d 104 (1991). Plaintiffs are mistaken.

*Taal* does nothing to disturb the basic rule[3]

"that a later sworn statement [by a party] cannot create a question of fact by contradicting an earlier one on a factual issue *if* the inconsistency is not explained or if there was no confusion at the time of the earlier statement." *Id.* at 494 (emphasis in original).

We look to the record to determine whether plaintiffs demonstrated confusion at the time of the deposition or explained the inconsistent position.

■ Plaintiffs contend that, when Gibson was deposed, he was confused by compound questions. We disagree. The deposition questions are clearly intended to establish on whose behalf Gibson relocated the mining claims. When Gibson was asked whether he "filed the claims on behalf of *all the stockholders* of NWBI" (emphasis added), he answered yes, unequivocally.

Plaintiffs explain that, because defendants had not yet filed their counterclaims at the time Gibson was deposed, he could not understand the basis for defendants' questions and, therefore, could not answer the questions clearly. As we understand plaintiffs' argument, Gibson would have

---

[3] *See also Stoeger v. Burlington Northern Railroad Co.*, 132 Or App 552, 889 P2d 391 (1995), *rev'd on other grounds* 323 Or 569, 919 P2d 39 (1996) (an equally divided court found it unnecessary to decide whether inconsistent statement by a party created a material question of fact).

answered defendants' questions differently had he known that the answers he gave would later form the basis of a successful counterclaim. That kind of situational argument is insufficient because it fails to explain the inconsistency or demonstrate any confusion as to the deposition questions. The trial court did not err.

Affirmed.