Argued and submitted October 7, affirmed December 23, 1986

JOHNSON,
*Petitioner on Review,*

*v.*

JOHNSON et al,
*Respondents on Review.*

(TC A8408-04591; CA A35979; SC S32947)

730 P2d 1221

Richard L. Lonergan, Portland, argued the cause for petitioner on review. With him on the petition for review was Clint A. Lonergan, Portland.

John F. Cramer, Portland, filed the brief and argued the cause for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

■     Since *Friese v. Hummel,* 26 Or 145, 37 P 458 (1894), this court has recognized a distinction between extrinsic and intrinsic fraud in granting relief from a judgment. We have held that relief will be granted on the basis of extrinsic fraud, but will be denied if the fraud is intrinsic. Extrinsic fraud consists of collateral acts not involved in the fact finder's consideration of the merits of the case. On the other hand, intrinsic fraud consists of acts which pertain to the merits. *Slate Const. Co. v. Pac. Gen. Con., Inc.,* 226 Or 145, 151, 359 P2d 530 (1961); *Friese v. Hummel, supra.*

Plaintiff's petition for review presents two questions in this case: (1) Did plaintiff's complaint and supplemental complaint allege acts constituting extrinsic fraud, and (2) Should the "extrinsic/intrinsic" fraud concept be abandoned and replaced by Restatement (Second) of Judgments § 70 (1980)? (Quoted *post* at 390-391.) Plaintiff contends that if we answer either question in the affirmative, then the summary judgment entered for defendants by the trial court must be reversed.

We hold that plaintiff alleged only acts constituting intrinsic fraud in her complaints and that we should not adopt Restatement (Second) of Judgments § 70. Defendants were entitled to a summary judgment. We affirm the Court of Appeals and trial court.

The Plaintiff's first pleading is entitled "COMPLAINT IN EQUITY [FOR] INJUNCTION AGAINST ENFORCEMENT OF JUDGMENT." Plaintiff alleged: Previously defendant Johnson and plaintiff had been husband and wife. After a trial in April 1980, the court entered a decree dissolving the marriage and awarding plaintiff the family home subject to a lien in favor of defendant Johnson in the sum of $24,000. Thereafter, on the application of defendant Johnson, the court in April 1983 modified the decree as to support payments. The gravamen of plaintiff's complaint is as follows:

"V

"Thereafter [after the modification] plaintiff learned that during this period of said action defendant Johnson had removed to the State of Washington and the State of Idaho,

large sums of money in the approximate amount of $450,000 and had concealed said money out of reach of garnishment by plaintiff who was unaware of said transfers and concealment and no way lacking in diligence and said defendant Johnson under oath on or about April 2, and 3, 1980 upon the aforesaid trial and on trial of the modification on or about April 8, 1983 answered deliberately and knowingly falsely, that he had no such property or income, with intent to injure plaintiff by decreasing her award and increasing his award and did so in obtaining the aforesaid judgment and modification and plaintiff was entitled to rely upon said representations by defendant Johnson."[1]

The complaint also alleged that execution had been "issued and levied" on defendant Johnson's judgment and the family home was scheduled to be sold by the Sheriff of Multnomah County on August 24, 1984, and that defendant Cramer was the attorney for defendant Johnson in executing the judgment. Plaintiff prayed that the defendants be enjoined from enforcing the judgment.

The defendants filed an answer to the complaint, admitting the formal matters and the history of the dissolution and modification proceedings but denying paragraph V (set out above) and "the whole thereof."

Plaintiff filed a supplemental complaint alleging that her motion requesting a temporary injunction to stay the enforcement of defendant Johnson's judgment had been denied, but that she had been able to obtain a loan to pay off the judgment and keep the home. The supplemental complaint also alleged in effect that plaintiff suffered monetary loss due to the conduct of defendant Johnson.[2]

Plaintiff concluded her supplemental complaint by praying for judgment against defendants Johnson and Cramer for compensatory and exemplary damages in the amount of $469,920. The supplemental complaint changed plaintiff's case from a "suit" for an injunction to an action for damages.

---

[1] Later in the trial court plaintiff's lawyer stated that the sum of $450,000 was a typing error and the correct sum was $45,000.

[2] The original complaint named Fred Pearce, the Sheriff of Multnomah County, as a defendant. After the judgment was paid, the complaint was dismissed as to him. He was not named as a party in the supplemental complaint.

Defendants' answer to the supplemental complaint was a general denial.

Defendants filed a motion for summary judgment claiming "that there is no issue to be disposed of in this case, that the case is moot and summary judgment should be entered for defendants."

Attached to the motion for summary judgment is a 21 page transcript of the hearing on plaintiff's motion for a temporary injunction before Circuit Court Judge James R. Ellis. The transcript does not contain the sworn testimony of any witness. It contains a stipulation as to what plaintiff would generally testify to if she were called as a witness.[3] It also contains the oral arguments of counsel and the comments of Judge Ellis.

In opposition to the motion for summary judgment, plaintiff filed an affidavit in which she swore:

> "Defendant William Gerald Johnson hid $45,000 of his money in out of state financial institutions in Washington and Idaho and then on his depositions and on trial lied about this denying its existence. In this he was assisted by his attorney defendant John F. Cramer, Jr.
>
> "Since the temporary injunction was denied I am entitled to trial on the merits of these allegations."

Defendants did not file an answering affidavit.

Circuit Judge Thomas O. Carter, Pro Tem, entered a summary judgment for the defendants. If he issued an opinion which stated the reasons for his decision, it is not a part of the record. Later, to set the case up for appeal, plaintiff submitted to Circuit Judge Clifford B. Olsen, in the absence of the presiding judge, a final judgment. Appeal was taken from the final judgment to the Court of Appeals, which affirmed without opinion. 78 Or App 669, 716 P2d 264 (1986).

Defendants' position is that plaintiff's complaint and supplemental complaint show that there is no genuine issue as to any material fact and that they are entitled to a judgment as

---

[3] The stipulation adds nothing. It is merely a rehash of the allegations of the complaint.

a matter of law. They argue that plaintiff in this case is making a collateral attack on the court's previous judgment in the dissolution case. They contend that plaintiff has alleged only "intrinsic" fraud and that a judgment cannot be collaterally attacked on that basis.

Plaintiff's position is that her complaints sufficiently state facts to constitute "extrinsic" fraud under the Oregon case law and that this type of fraud will allow relief from a judgment previously entered, or, in the alternative, that Oregon should abandon the "extrinsic/intrinsic" fraud distinction as the test for granting relief from judgments and adopt Restatement (Second) of Judgments § 70.

The relevant portions of ORCP 47 on summary judgments are:

"B. A party against whom a claim * * * is asserted * * * may, at any time, move, with or without supporting affidavits, for a summary judgment in that party's favor as to all or any part thereof.

"C. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *."

The above-quoted parts of ORCP 47B. and C. are for all practical purposes identical to Federal Rules of Civil Procedure 56(b) and (c).[4]

The most unusual thing about defendants' motion for summary judgment is that it is not supported by any affidavits. This does not violate any rule. ORCP 47B. and C. specifically provide that a defending party may file a motion for summary judgment "at any time * * * with or without supporting affidavits" and will be granted judgment "if the pleadings * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Plaintiff has not objected to defendants' use of the motion for summary judgment as a vehicle for testing the complaints to determine if there is a genuine issue as to any material fact. Plaintiff contends only that her complaints pass

---

[4] The only difference is that FRCP 56(b) uses the term "summary judgment in his favor" and ORCP 47B. states "summary judgment in that party's favor."

the test and that there is a genuine issue of extrinsic fraud. We mention this only to point out that if a defendant wants to test the sufficiency of a complaint, the better practice might be to file a motion to dismiss under ORCP 21A.(8) or for a judgment on the pleadings under ORCP 21B.[5]

The only documents for our consideration are the verified complaint, the verified supplemental complaint and the sworn affidavit of the plaintiff. The affidavit adds nothing to the complaints except to state that defendant Johnson was assisted in his conduct by his attorney, defendant Cramer.[6]

Defendants in their answers did not plead any affirmative matters, and if there is an allegation of material fact, it must appear in plaintiff's complaint and supplemental complaint. Defendants framed their motion as a motion for summary judgment to test the complaints to determine if they contained a genuine issue of material fact. Defendants argued in the trial court:

> "The position of the Defendants, Your Honor, is that on the face of the complaint it shows that there is no—that the Plaintiff is not entitled to relief in this case. * * * I don't think there is any point in going further than looking at the face of the complaint.
>
> "Also, we don't need anymore testimony. The Plaintiff is simply not entitled to any relief based upon the record in this case."

---

[5] In *Payless Drug Stores v. Brown,* 300 Or 243, 246, 708 P2d 1143 (1985), this court, in *dictum,* stated:

> "An assertion that a plaintiff has not pleaded a claim on which relief may be granted should properly be raised by a motion to dismiss, ORCP 21A., or for judgment on the pleadings, ORCP 21B., rather than by a motion for summary judgment."

6 Moore, Taggart and Wicker, Moore's Federal Practice §56.11 (2d ed. 1986) comments as follows:

> "While a motion for summary judgment may be based solely on the pleadings, it is then functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c)."

The counterparts to FRCP 12(b)(6) and 12(c) are ORCP 21A.(8) and 21B.

[6] It could be argued that plaintiff's affidavit is not authorized by the Rules of Civil Procedure. ORCP 47 speaks only of "supporting" and "opposing" affidavits. Because defendants did not file any affidavits in support of their motion for summary judgment, there was nothing for plaintiff to oppose. Plaintiff's affidavit "supports" only her own complaint.

6 Moore, Taggart & Wicker, Moore's Federal Practice § 56-11 (2d ed. 1986) sets out the following ground rules:

"If a motion is directed solely to the pleadings, the movant admits the truth of his adversary's well-pleaded allegations but denies their sufficiency as a matter of law. And in ruling on such a motion the pleadings are to be liberally construed."

We must now determine what test we should use to measure the sufficiency of plaintiff's complaints for a genuine issue of material fact. Should we use the "extrinsic/intrinsic" fraud concept previously used in Oregon caselaw to determine if relief should be granted from a judgment? Or, should we adopt the test set out in Restatement (Second) of Judgments § 70?

Both parties have cited *O.-W.R. & N. Co. v. Reid,* 155 Or 602, 65 P2d 664 (1937), as authority for the type of fraud necessary to set aside a judgment. This court in 155 Or at 609 commented as follows:

"* * * It is not every species of fraud, however, that vitiates a judgment. It is fraudulent to give perjured testimony and such evidence may result in a judgment but, according to the great weight of authority, equity will not interfere for that reason alone, since the unsuccessful party had his opportunity to refute the false testimony. If the rule were otherwise, there would be no end to litigation: *Friese v. Hummel,* 26 Or. 145 (37 P. 458, 46 Am. St. Rept. 610). However, as stated in 34 C.J. 476:

" ' * * * If the perjury is accompanied by any fraud extrinsic or collateral to the matter involved in the original case sufficient to justify the conclusion that but for such fraud the result would have been different, a new trial may be granted. * * *.'

"It is only when the fraud is extrinsic or collateral to the matter actually tried that equity will enjoin enforcement of the judgment: *United States v. Throckmorton,* 98 U.S. 61 (25 L. Ed. 93). In 15 R. C. L. 762, it is said:

" 'Relief is granted for extrinsic fraud on the theory that by fraud or deception practiced on the unsuccessful party, he has been prevented from fully exhibiting and trying his case, by reason of which there never has been a real contest before the court of the subject matter of the suit.'

" 'Extrinsic, as distinguished from intrinsic fraud, pertains not to the judgment itself, but to the manner in which it

is procured: *Caldwell v. Taylor,* 218 Cal. 471 (23 P.(2d) 758, 88 A.L.R. 1194); *Flood v. Templeton,* 152 Cal. 148 (92 P. 78, 13 L. R. A. (N. S.) 579)."

*See also Slate Const. Co. v. Pac. Gen. Con., Inc., supra,* 266 Or at 151.

The Restatement of the Law of Judgments, adopted and promulgated in 1942, stated in effect that relief from a judgment could not be obtained because of intrinsic fraud. The relevant part of Section 126 read as follows:

"(1) Equitable relief from a valid judgment will be granted only in accordance with the rules stated in this Chapter.

"(2) Although a judgment is erroneous and inequitable, equitable relief will not be granted to a party thereto on the sole ground that

"* * * * *

"(b) the judgment was obtained by false or perjured testimony, production of false documents, or a conspiracy between the successful party and the witnesses * * *."

On June 12, 1980, the American Law Institute abandoned the "extrinsic/intrinsic" distinction by adopting and promulgating Restatement (Second) of Judgments § 70:

"Judgment Procured by Corruption, Duress, or Fraud

"(1) Subject to the limitations stated in § 74, a judgment in a contested action may be avoided if the judgment:

"(a) Resulted from corruption of or duress upon the court or the attorney for the party against whom the judgment was rendered, or duress upon that party, or

"(b) Was based on a claim that the party obtaining the judgment knew to be fraudulent.

"(2) A party seeking relief under Subsection (1) must:

"(a) Have acted with due diligence in discovering the facts constituting the basis for relief;

"(b) Assert his claim for relief from the judgment with such particularity as to indicate it is well founded and prove the allegations by clear and convincing evidence; and

"(c) When his claim is based on falsity of the evidence on which the judgment was based, show that he had made a

reasonable effort in the original action to ascertain the truth of the matter."[7]

Plaintiff has urged us to overrule the *O.-W.R.& N. Co. v. Reid, supra,* line of cases and to abandon the "extrinsic/intrinsic" fraud distinction in favor of Restatement (Second) of Judgments § 70. In considering such a suggestion, we look not only to our own precedents but also to whether the other branch of government with authority to make this policy change—the legislature—has considered the matter or expressed any views on it. We find that the legislature has had the matter brought to its attention fairly recently.

On December 13, 1980, the Council on Court Procedures promulgated ORCP 71. It became effective January 1, 1982. Or Laws 1981, ch 898.

The relevant portions of ORCP 71 are:

"B.(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (c) fraud, misrepresentation, or other misconduct of an adverse party * * *. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A. which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. * * *

"C. This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, * * * or the power of a court to set aside a judgment for fraud upon the court."

ORCP 71 is a modified form of Federal Rule of Civil Procedure 60, adapted to Oregon cases and practice. Council

---

[7] Restatement (Second) of Judgments § 74 reads as follows:

"Except with regard to judgments referred to in §§ 65-66 and 69, relief from a judgment will be denied if:

"(1) The person seeking relief failed to exercise reasonable diligence in discovering the ground for relief, or after such discovery was unreasonably dilatory in seeking relief; or

"(2) The application for relief is barred by lapse of time; or

"(3) Granting the relief will inequitably disturb an interest of reliance on the judgment. When such an interest can be adequately protected by giving the applicant limited or conditional relief, the relief will be shaped accordingly."

on Court Procedure, Staff Comment *reprinted in* Merrill, Oregon Rules of Civil Procedure: 1986 Handbook 203 (1986).

The relevant portions of FRCP 60(b) are:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) Fraud (*whether heretofore denominated intrinsic or extrinsic*), misrepresentation, or other misconduct of an adverse party; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, * * * or to set aside a judgment for fraud upon the court. * * *" (Emphasis added.)

The staff comment of the Council on Court Procedures observes that ORCP 71B.(1)(c) differs from FRCP 60(b) in that it "does not eliminate the distinction between extrinsic and intrinsic fraud." It also states that ORCP 71C. "simply recognizes the other existing methods of seeking vacation of judgment, *e.g.* separate suit for equitable relief, *Oregon-Washington R. & Navigation Co. v. Reid,* 155 Or 602, 609, 65 P2d 664 (1937) * * *." Merrill, *supra* at 203-204.

On October 15, 1979, the Council on Court Procedures prepared its first draft of ORCP 71. In that draft what later became ORCP 71B.(1)(c) contained the same language as FRCP 60(b)(3): "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." The comment prepared for that draft suggested that subsection B(1)(c) might change the law in this state. It specifically said:

> "* * * [T]he Oregon cases do maintain the distinction between intrinsic and extrinsic fraud. *Slate Const. Co. v. Pac. Gen. Con., Inc.,* 226 Or. 145, 359 P.2d 530 (1961). *Friese v. Hummell* [sic], 26 Or. 145, 37 Pac. Rept 458 (1894). The basic distinction is between fraud going to issues actually involved in the first action and collateral issues; this means no relief is available for perjury. This rule follows Federal Rule 60 and eliminates the distinction."

On January 19, 1980, Circuit Judge William L. Jackson reported to the Council on Court Procedures that his subcommittee recommended that subsection 71B.(1)(c) relating

to fraud be eliminated as it did not appear in former ORS 18.160[8] and that the Oregon caselaw provided adequate grounds for relief.

On February 4, 1980, the Council on Court Procedures prepared its second draft of ORCP 71. In that draft the B.(1)(c) subsection on fraud was completely eliminated. The comment to the second draft in part stated:

"Whether the language relating to both extrinsic or intrinsic fraud is necessary depends upon whether the Council wishes to make perjury a basis for vacation of judgment. The distinction between extrinsic and intrinsic fraud in Oregon goes back to 1894 and *Friese v. Hummel,* 26 Or. 145 (1894). The distinction is described as follows in *Slate Construction Co. v. Pac. Gen. Con., Inc.,* supra, at pp. 151-152:

" 'In order to set aside a judgment for fraud it must appear the fraud was practiced in the very act of obtaining the judgment, and such fraud must be extrinsic or collateral as distinguished from intrinsic. * * *

" 'Fraud is regarded as intrinsic where the fraudulent acts pertain to an issue involved in the original action.

"Basically, the rule prohibits vacation of judgment for perjury, presentation of false or forged evidence, and false allegations in a pleading. *Larson v. Heintz Construction Company,* [219 Or 25 (1959)], *Lothstein v. Fitzpatrick,* 171 Or. 648, 658 (1943), *O.-W.R. & N. Co. v. Reid,* 155 Or 602, 610 (1937); *Dixon v. Simpson,* 130 Or. 211, 221-222, *Windsor v. Holloway,* 84 Or. 303, 306 (1917); *Wallace v. Portland Ry., L. & P. Co.,* 88 Or. 219, 224 (1916); *Friese v. Hummel,* supra."

On June 16, 1980, Fred Merrill, Executive Director of the Council on Court Procedures, prepared a memorandum on the recommendations of Judge Jackson's subcommittee. It recommended that 71B.(1)(c) be adopted in its present form. The memorandum noted that the subcommittee recommended the reinstatement of a motion to vacate based upon fraud, but did not recommend the elimination of the distinction between extrinsic and intrinsic fraud. The memorandum

---

[8] *Former* ORS 18.160 (*repealed by* Or Laws 1981, ch 898, § 53) read as follows:

"The Court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

concluded: "Therefore, in accordance with Oregon cases, the fraud, misconduct, etc., would have to be extrinsic."

For the purposes of this case, the language of the rule that became ORCP 71C. remained the same through the first, second and final drafts.

ORCP 71 in its present form was promulgated by the Council on Court Procedures on December 13, 1980. It was not amended by the 1981 legislature.

Although the American Law Institute adopted and promulgated Restatement (Second) of Judgments § 70 on June 12, 1980, it was not mentioned in the minutes or comments of the Council on Court Procedures during its consideration of ORCP 71. However, the Council thoroughly considered the issue of whether it should be necessary to distinguish between extrinsic and intrinsic fraud to set aside a judgment. The Council's decision not to eliminate the distinction is an approval of the Oregon caselaw and a disapproval of the principle underlying Restatement (Second) of Judgments § 70. The "extrinsic/intrinsic" concept has been widely criticized. *See* Restatement (Second) of Judgments § 70, *comment c* (1980) and Wright and Miller, Federal Practice and Procedure § 2861 (1973). Even so, the legislature has not chosen to change the existing Oregon rule, although the issue was squarely raised by the report of the Council on Court Procedures. We have the separate authority to accomplish what plaintiff seeks, but we think the legislature's failure to act, coupled with our own long-standing precedents, call for us to retain our present rule.

So that there will be no misunderstanding, this case is an independent action under ORCP 71C. and not a motion under ORCP 71B.(1)(c). In Oregon, the test for fraud is the same under either procedure.

We now must determine which type of fraud plaintiff's complaints allege. For this purpose we assume that the allegations of the complaints are true and draw all inferences therefrom in favor of plaintiff. The complaints allege in effect that defendant Johnson, without the consent or knowledge of plaintiff, removed large sums of money to Washington and Idaho where it was concealed beyond the reach of garnishment. It is further alleged that defendant Johnson, at the trial

of the dissolution case and again at the modification proceeding, deliberately and knowingly testified falsely about the money for the purpose of decreasing plaintiff's award and increasing his own award.

Plaintiff concedes that defendant Johnson's false testimony was intrinsic fraud, but argues that removing and concealing the money in Washington and Idaho was extrinsic fraud and that her complaints therefore contained a genuine issue of material fact.

We hold that the facts set out in plaintiff's complaint allege only intrinsic fraud. Removing and placing the money in Washington and Idaho did not damage plaintiff and was not fraud of any variety. That conduct was no different than defendant Johnson buying common stock in a New Jersey company, registered on the New York Stock Exchange, and concealing the stock certificates in a safety deposit box in Vancouver, Washington. A trial court in Oregon does not have jurisdiction of property in another state, but it does have personal jurisdiction of the parties in a dissolution case. It could have ordered defendant Johnson to transfer the money or assets to plaintiff and held him in contempt if he failed to obey the court's order. ORS 33.010. Under the allegations of plaintiff's complaints, she was defrauded only by defendant Johnson's false testimony. That was intrinsic fraud.

There being no allegation of extrinsic fraud, plaintiff's complaints failed to raise a genuine issue of material fact and defendants were entitled to a summary judgment as a matter of law.

The Court of Appeals and trial court are affirmed.