Argued and submitted May 15, reversed and remanded with instructions
November 4, 1992, respondents' petition for reconsideration allowed by opinion
March 10, 1993
See 118 Or App 502 (1993)

JRD DEVELOPMENT JOINT VENTURE,
a general partnership comprised of
three Colorado corporations;
Harne & Associates, Inc.;
Hinterreiter & Associates, Inc.;
JRD Development, Inc.,
as partners and individually;
and David Hinterreiter,
*Respondents,*

*v.*

John CATLIN
and Christina Catlin,
*Appellants.*

(91-3042; CA A72345)

840 P2d 737

Margaret E. Dailey, Newport, argued the cause and filed the brief for appellants.

Barry L. Adamson, Lake Oswego, argued the cause for respondents. With him on the brief were Judith N. Selich and Litchfield, Carstens & Hammersley, Newport.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendants appeal from an order granting plaintiffs relief from a judgment pursuant to ORCP 71C.[1] We reverse.

Defendants rented a house from plaintiffs. It had bare electrical wires, contaminated water, a septic system that leaked sewage and other problems. Defendants stopped paying rent. Plaintiffs brought a forcible entry and detainer action against them. Defendants counter-claimed that plaintiffs failed to make repairs and abused their right of access to the premises. In reliance on the testimony of defendant Christina Catlin, the trial court found that the house was uninhabitable and had a fair rental value of zero, that plaintiffs were notified of and failed to repair the defective septic system and that plaintiff Hinterreiter had harassed defendants. Judgment was entered for defendants. Plaintiffs were enjoined from charging defendants rent for the house or evicting them until they had provided clean drinking water and repaired the septic system.

The parties filed several post-trial motions. We consider only the trial court's order granting plaintiffs' motion for relief from the judgment. ORCP 71C recognizes the inherent authority of a court to vacate a judgment. The trial court vacated the judgment for fraud two months after its entry, because it reassessed the credibility of the witnesses and determined that Christina had testified falsely.

An Oregon trial court has inherent authority to set aside a judgment procured by fraud, if the fraud was extrinsic. *See Friese v. Hummel*, 26 Or 145, 37 P 458 (1894). Extrinsic fraud is a collateral act unrelated to the factfinder's decision. *Johnson v. Johnson*, 302 Or 382, 384, 730 P2d 1221 (1986). Examples of extrinsic fraud include keeping a party in ignorance of an action, false offers of compromise, an attorney's betrayal of the client's interest to an adversary and other acts of a similar nature. *Caldwell v. Taylor*, 218 Cal 471, 23 P2d

---

[1] Rule 71C provides as follows:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

758 (1933). Extrinsic fraud justifies relief from judgment because there has been, in effect, no real trial of the issues. *O-W.R. & N. Co. v. Reid*, 155 Or 602, 610, 65 P2d 664 (1937).

■    Perjury is intrinsic fraud and does not justify relief from judgment, because perjury can be refuted at trial. *O-W.R. & N. Co. v. Reid, supra*, 155 Or at 609. We have refused to set aside a judgment procured by intrinsic fraud, even when the facts were extremely compelling. *See Wimber v. Timpe*, 109 Or App 139, 818 P2d 954 (1991). The rationale for sometimes harsh results is the need for litigation finality. Regardless of the alleged perjury, the trial court lacked authority to vacate the original judgment in defendants' favor.

Defendants raise other issues, but we do not reach them.

Plaintiffs' cross-assignment of error does not require discussion.

Reversed and remanded with instructions to reinstate judgment for defendants.