Submitted on respondents' petition for reconsideration filed December 9, 1992, reconsideration allowed; opinion (116 Or App 182, 840 P2d 737 (1992)) modified and adhered to as modified March 10, reconsideration denied April 28, petition for review denied May 25, 1993 (316 Or 528)

JRD DEVELOPMENT JOINT VENTURE,
a general partnership comprised of
three Colorado corporations;
Harne & Associates, Inc.;
Hinterreiter & Associates, Inc.;
and JRD Development, Inc.,
as partners and individually;
and David Hinterreiter,
*Respondents,*

*v.*

John CATLIN
and Christina Catlin,
*Appellants.*

(91-3042; CA A72345)

848 P2d 136

Barry L. Adamson, Lake Oswego, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., concurring.

**RIGGS, J.**

Plaintiffs seek review of our opinion in which we reversed and remanded with instructions to reinstate the judgment for defendants. 116 Or App 182, 840 P2d 737 (1992). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it, and clarify a portion of our opinion.

Among other things, plaintiffs argue that our opinion did not consider certain assignments of error raised by the parties. Despite language that could be understood to indicate that we did not "reach" those issues, 116 Or App at 185, we did consider them and concluded that they did not merit discussion.

Reconsideration allowed; opinion modified and adhered to as modified.

**EDMONDS, J.,** concurring.

In their petition for reconsideration, plaintiffs argue that "the trial court vacated the judgment for reasons *other than* — and in addition to — [defendants'] fraud upon the court," and that we erred when we reversed the trial court. The majority holds the issue raised by plaintiff does not merit discussion. Although I disagree with the statement that the issue does not merit discussion, I concur with the majority's result.

After a trial to the court, the court entered judgment against plaintiffs on August 20, 1991. On August 23, 1991, they filed a motion to set aside the judgment under ORCP 71C. On October 18, 1991, the trial court entered an order denying their motion, but on the same day entered an order on its own motion setting aside the judgment. It also entered a new judgment on that day in favor of plaintiffs. Defendants appealed and we reversed, holding that the court was without authority to set aside the judgment. We said:

> "ORCP 71C recognizes the inherent authority of a court to vacate a judgment. The trial court vacated the judgment for fraud two months after its entry, because it reassessed the credibility of the witnesses and determined that Christina [a defendant] had testified falsely.
>
> "An Oregon trial court has inherent authority to set aside a judgment procured by fraud, if the fraud was extrinsic. * * *

"Perjury is intrinsic fraud and does not justify relief from judgment, because perjury can be refuted at trial. We have refused to set aside a judgment procured by intrinsic fraud, even when the facts were extremely compelling. * * * Regardless of the alleged perjury, the trial court lacked authority to vacate the original judgment in defendants' favor." 116 Or App at 184. (Citations omitted.)

Plaintiffs argue that the trial court had alternative grounds for setting aside the judgment. They argue that, even if the trial court had not believed that Christina was guilty of perjury, it still would have changed its mind based on a reassessment of the evidence and would have found for them. They base that argument on this statement by the trial court:

"In eradicating the previous Judgment, [sic] the Court is well aware that its finding of intrinsic fraud by Defendants plays a significant role. This decision contradicts the Court's contemporaneous denial of Plaintiffs' motion for relief from judgment on the basis of fraud pursuant to ORCP 71C. That denial is based on appellate precedent which constrict the circumstances which entitle an aggrieved party to that particular ground for relief. The Court has chosen to invoke its inherent authority to grant relief under a different portion of that same procedural rule (ORCP 71C.) in part because the Court was the finder of fact. At the time of trial, had the Court evaluated the evidence differently and attributed different weight to the very evidence adduced during the trial, the Court would have ruled in favor of Plaintiffs at that time. Recognizing the misallocation of weight given, the only proper course of action for the Court is to invoke its inherent authority and thereafter apply the law to the evidence as the Court now finds it to have existed at the time of trial."

I read the trial court's statement to mean that it denied plaintiffs' motion to set aside the judgment because it understood that it could not set aside a judgment based on the perjury of a witness, but set aside the judgment on its own motion based on a reconsideration of the evidentiary record made at the time of trial. Nothing in ORCP 71C expressly prohibits the trial court from doing that. It provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a

defendant under Rule 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court.''

In *Johnson v. Johnson*, 302 Or 382, 730 P2d 1221 (1986), the court examined the legislative history of ORCP 71C and concluded that the legislature had declined to eliminate the distinction between extrinsic and intrinsic fraud that had existed before its adoption. The court noted that the legislature agreed that the law in that context should remain as it had been under *former* ORS 18.160.[1] In *Morphet v. Morphet*, 263 Or 311, 317, 502 P2d 255 (1972), the court recognized that, in addition to the authority conferred on the court by ORS 18.160, a court had inherent power to correct or set aside a judgment within a reasonable time. In *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986), we said, ''Rule 71C reaffirms a trial court's traditional power to modify a judgment within a reasonable time.''

In the light of the legislative history of ORCP 71C and our own case law, we should decide whether the provision of ORCP 71C that authorizes a court to ''modify a judgment within a reasonable time'' allows a judge to change a decision post-judgment based on the evidentiary record that existed at trial. We have said in the past that, although the boundaries of the court's authority are not well-defined, the cases have limited the court's authority to correcting clerical errors, making technical amendments or to situations in which extraordinary circumstances are present such as fraud.[2]

Although there is some appeal to interpreting ORCP 71C to allow the trial judge to change a decision on the merits of the case in order to do ''justice,'' there are serious policy ramifications if we do so. In effect, what the trial judge did was

---

[1] *Former* ORS 18.160 provided:

''The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.''

That statute was repealed in 1981. Or Laws 1981, ch 898, § 52.

[2] *See Stevenson v. U.S. National Bank*, 296 Or 495, 677 P2d 696 (1984); *Wimber v. Timpe*, 109 Or App 139, 818 P2d 954 (1991); *Trickel and Trickel*, 100 Or App 722, 788 P2d 489 (1990); *Wills and Wills*, 94 Or App 546, 765 P2d 1260 (1988); *Renninger and Renninger*, 82 Or App 706, 730 P2d 37 (1986); *Palmateer v. Homestead Development Corp.*, 67 Or App 678, 680 P2d 695 (1984); *Vinson v. Vinson*, 57 Or App 355, 644 P2d 635, *rev den* 293 Or 456 (1982).

to grant petitioners a new trial on his own motion. The trial court's authority to grant a new trial is circumscribed by ORCP 64G, which provides that such an order shall be made within 30 days after the entry of judgment. The court made its order 59 days after it had entered judgment for defendants. ORCP 71C cannot be used as a substitute for ORCP 64G, if the integrity of the latter rule is sacrificed in the process. *See Wills and Wills, supra,* 94 Or App at 549 n 2. "Justice" requires "uniformity" of treatment of litigants, whether the judgment is a result of a trial before a jury or a judge, and "finality" of litigation. Those goals can only be accomplished if the rules of civil procedure are read together in a way that will give effect to all of them. For these reasons, I concur with the majority opinion.