Submitted May 8, reversed and remanded September 23, 2020

Cathi RIDER,
*Plaintiff-Respondent,*

*v.*

Raelene CARRANZA,
*Defendant-Appellant.*

Klamath County Circuit Court
19LT06171; A171323

475 P3d 467

Defendant appeals a judgment entered in a residential eviction proceeding, arguing that the trial court erred when it concluded that amendments to ORS 90.427 enacted through Senate Bill (SB) 608 (2019) were inapplicable because the notice of eviction was sent to defendant prior to passage of SB 608. SB 608, with limited exceptions, abolished no-cause evictions for month-to-month tenancies after the first year of occupancy. *Held*: The trial court erred. The amendments to ORS 90.427 limiting no-cause evictions apply to terminations of month-to-month tenancies occurring on or after March 30, 2019, regardless of when the notice of eviction was sent. Because the termination of defendant's month-to-month tenancy occurred well after March 30, 2019, and the notice did not state a valid cause or reason for evicting defendant, the notice did not conform to ORS 90.427(3)(c).

Reversed and remanded.

Andrea M. Janney, Judge.

Andrew Harnett and Edward Johnson filed the brief for appellant.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Reversed and remanded.

**TOOKEY, J.**

The Oregon Residential Landlord Tenant Act (ORLTA), including ORS 90.427, was amended extensively during the 2019 legislative session, culminating in the legislature's enactment of Senate Bill (SB) 608 (2019). SB 608 "limits rent increases and prohibits no-cause evictions for tenants who have lived in their homes for at least a year." Testimony, Senate Committee on Housing, SB 608, Feb 4, 2019, Ex 7 (statement of Senate Majority Leader Ginny Burdick); *see also* Testimony, Senate Committee on Housing, SB 608, Feb 4, 2019, Ex 6 (statement of Speaker of the House Tina Kotek) ("Senate Bill 608 prohibits no-cause evictions and requires that landlords provide a reason for not renewing a lease after 12-months of a tenancy."). We have a narrow issue before us concerning SB 608; we are required to construe its applicability provisions.

Defendant rented a house from plaintiff under a month-to-month rental agreement that began in May of 2007. Plaintiff issued a 60-day no-cause termination of tenancy notice to defendant on February 25, 2019. The notice stated that the tenancy "will terminate at 11:59 PM on April 26, 2019."

On April 30, 2019, plaintiff filed a complaint for forcible entry or wrongful detainer based on the 60-day no-cause termination of tenancy notice. Defendant asserted at the outset and conclusion of her trial that the termination notice did not comply with the requirements of ORS 90.427. Defendant argued that section 11 of SB 608 "says the change of law applies to terminat[ions of] residency [that occur] 30 days or more [after] the effective date of the bill," February 28, 2019, and "[t]hat means the *** termination date *** falls under the new law and *** cannot be [effectuated with a] 60 day no-cause notice," and, "[t]herefore, the notice is defective under Oregon law." The trial court rejected defendant's argument, reasoning that, "[t]he 60 day notice [plaintiff] gave you [on February 25] was given before the law took effect [on February 28]. It's valid. The law had not taken effect; *** [s]o we are operating under the previous landlord/tenant laws" that allowed for no-cause evictions

with a 60-day notice. Accordingly, the trial court entered judgment in favor of plaintiff.

On appeal, defendant contends that the trial court "erred in determining that SB 608 does not apply to a 60-day no-cause notice of termination of a month-to-month tenancy issued on February 25, 2019 that terminated a tenancy on April 26, 2019." Plaintiff did not file a brief or otherwise appear on appeal. For the reasons that follow, we agree with defendant.

The interpretation of the applicability clause in SB 608, set forth in Oregon Laws 2019, chapter 1, section 11, presents a question of statutory interpretation, which we review for legal error. *See State v. Thompson*, 328 Or 248, 266, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("A trial court's interpretation of a statute is reviewed for legal error."); *see also SAIF v. Herron*, 114 Or App 64, 66-72, 836 P2d 131, *rev den*, 315 Or 271 (1992) (applying statutory construction analysis to determine the meaning of an applicability clause). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with any relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

We pause briefly to provide some background on the ORLTA provisions at issue in this case. Before the enactment of SB 608, ORS 90.427 (2018) permitted landlords to terminate a month-to-month tenancy without cause after the first year of occupancy simply by giving a 60-day notice. As discussed at the outset of this opinion, through SB 608 the legislature amended ORS 90.427 to "prohibit[] no-cause evictions for tenants who have lived in their homes for at least a year." Testimony, Senate Committee on Housing, SB 608, Feb 4, 2019, Ex 7 (statement of Senate Majority Leader Ginny Burdick). As amended, ORS 90.427(3)(c) prohibits landlords from terminating a month-to-month tenancy without cause after the first year of occupancy and, with some minor exceptions, only permits a landlord to terminate such a tenancy for "a tenant cause" or for certain "qualifying landlord reason[s]."

There is no dispute in this case that plaintiff issued a 60-day no-cause termination of tenancy notice to defendant on February 25, 2019, and the notice stated that the tenancy "will terminate at 11:59 PM on April 26, 2019." Accordingly, such a no-cause notice would be defective under the current version of ORS 90.427 to terminate defendant's month-to-month tenancy because the notice did not state "a tenant cause" or a "qualifying landlord reason" for terminating the tenancy. ORS 90.427(3)(c).

With that background in mind, we turn to the text of the applicability clause set forth in Oregon Laws 2019, chapter 1, section 11, because it is "the best evidence of the legislature's intent" regarding the applicability of the current version of ORS 90.427. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993); *see also* Office of Legislative Counsel, *Bill Drafting Manual* § 3.5 (2018) ("A good way to avoid ambiguity about a statute's application—regardless of the verb tense used—is to include an applicability clause."). Oregon Laws 2019, chapter 1, section 11, provides:

"The amendments to ORS 90.427 by section 1 of this 2019 Act apply to:

"(1)   Fixed term tenancies entered into or renewed on or after the effective date of this 2019 Act; and

"(2)   *Terminations of month-to-month tenancies occurring on or after the 30th day after the effective date of this 2019 Act.*"

(Emphasis added.) Oregon Laws 2019, chapter 1, section 13, provides that the "Act takes effect on its passage," which was February 28, 2019. Hence, the relevant amendments to ORS 90.427 that abolished no-cause evictions for month-to-month tenancies after the first year of occupancy apply to "[t]erminations of month-to-month tenancies occurring on or after the 30th day after" February 28, 2019. Or Laws 2019, ch 1, § 11. The "30th day after" February 28 is March 30, 2019. *Id*. As such, "[t]erminations of month-to-month tenancies occurring on or after" March 30, 2019, are governed by the amendments to ORS 90.427. Or Laws 2019, ch 1, § 11.

Contrary to the trial court's conclusion, there is no language indicating that the notice date, as opposed to the tenancy-termination date, is controlling. By its plain terms, the amendments to ORS 90.427 that abolished no-cause evictions for month-to-month tenancies after the first year of occupancy apply to "[t]*erminations* of month-to-month tenancies *occurring* on or after" March 30, 2019. Or Laws 2019, ch 1, § 11 (emphases added). Thus, the plain language of Oregon Laws 2019, chapter 1, section 11, indicates that the legislature intended for the amendments to ORS 90.427 to apply based on the date that the termination occurs, not when the notice is delivered.

Statutory context also supports our conclusion that the applicability clause in Oregon Laws 2019, chapter 1, section 11, relates to the tenancy-termination date and not the date of the notice. *See, e.g.*, *Hale v. Klemp*, 220 Or App 27, 32, 184 P3d 1185 (2008) ("When we examine the text of the statute, we always do so in context, which includes, among other things, other provisions of the statute of which the disputed provision is a part."). We also must be mindful when we construe statutes to not "insert what has been omitted, or to omit what has been inserted." ORS 174.010. Notably, Oregon Laws 2019, chapter 1, section 12, provides, "[t]he amendments to ORS 90.323 and 90.600 by sections 2 and 3 of this 2019 Act apply to rent increase *notices delivered on or after the effective date of this 2019 Act*." (Emphasis added.) Accordingly, if the legislature had intended for the applicability clause in Oregon Laws 2019, chapter 1, section 11, to relate to the date of the notice instead of the termination date, it would have said so, just as it had in section 12. *See PGE*, 317 Or at 611 (the legislature's "*use of a* term in one section and not in another section of the same statute indicates a purposeful omission").

Here, the no-cause eviction notice stated that defendant's tenancy "will terminate at 11:59 PM on April 26, 2019." As noted, "[t]erminations of month-to-month tenancies occurring on or after" March 30, 2019, are governed by the amendments to ORS 90.427. Or Laws 2019, ch 1, § 11. Because the termination of defendant's month-to-month tenancy occurred well after March 30, 2019, plaintiff could

terminate the tenancy only with notice for "a tenant cause" or "a qualifying landlord reason." ORS 90.427(3)(c). Because the notice did not state a valid cause or reason for evicting defendant, the notice did not conform to ORS 90.427 (3)(c). *See* Testimony, Senate Committee on Housing, SB 608, Feb 4, 2019, Ex 6 (statement of Speaker of the House Tina Kotek) ("By banning 'no-cause' evictions and requiring landlords to state a reason for evicting their tenants, we can ensure that termination notices are not used to discriminate, retaliate, or facilitate economic evictions."). The trial court erred when it concluded otherwise. We therefore reverse and remand.

Reversed and remanded.