No. 489 June 4, 2025 67

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Natasha R. ADAMS,
*Petitioner-Respondent,*
*and*

Nicholas M. LENNERT,
*Respondent-Appellant.*

Jackson County Circuit Court
123878D3; A183305

David J. Orr, Judge.

Argued and submitted April 15, 2025.

Jamie L. Hazlett argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Father appeals the trial court's denial of his ORCP 71 B(1)(c) motion to set aside a supplemental judgment containing a child support award in which the trial court calculated mother's income as minimum wage. He assigns three errors on appeal: the trial court erred in (1) determining that mother's misrepresentations regarding her income did not justify setting aside the judgment, (2) not considering mother's "tactics" during discovery as evidence of extrinsic fraud, and (3) determining that there was not sufficient evidence of any difference in mother's income. We affirm.

This appeal stems from father's motion to modify custody and parenting time and mother's motion to modify child support payments. At the hearing on those motions, father expressed some concerns about discovery he had not received, particularly bank statements detailing deposits from mother's "side business" of selling items online, but he ultimately opted to proceed with the hearing rather than wait to receive those bank statements. In the judgment containing the child support award, the court calculated father's income to be $22,000 a month and, because mother was unemployed, imputed her income at minimum wage.

Father filed an ORCP 71 motion to set aside that judgment—the subject of this appeal—arguing that mother had misrepresented that she had no income despite the fact that she was selling items online. At the hearing on that motion, mother testified that she did not report the sale of her items as income because those items were household items that sold for less than their original price. Mother also testified that the sale of those items did not exceed the minimum wage. The court denied the motion to set aside, concluding that father did not establish that mother "had meaningfully misstated her income." Father appeals that decision, assigning three errors.

In father's first assignment of error, he contends that the trial court erred by concluding that mother's "fraud was not 'substantial' enough to warrant a set aside." *See* ORCP 71 (B)(1)(c) (authorizing the trial court to set aside a judgment based on extrinsic or intrinsic fraud or misrepresentation).

"We review a trial court's decision to grant or deny relief under ORCP 71 B for abuse of discretion." *VP Real Estate Investment Services v. Naftaniel*, 334 Or App 747, 748, 557 P3d 196 (2024). "[T]hat discretionary decision can involve predicate factual and legal determinations." *Kasliner v. Dept. of Human Services*, 330 Or App 85, 103, 543 P3d 131, *rev den*, 372 Or 560 (2024) (internal quotation marks omitted). And we "review [those] predicate legal determinations for errors of law and predicate factual determinations for lack of supporting evidence." *Id.* at 103-04 (citations omitted).

Father identifies three instances in which he contends that mother made "key" misrepresentations justifying setting aside the judgment. First, father points out that, prior to the entry of the judgment, mother testified that she did not use PayPal for her online sales transactions. However, when he finally received mother's bank statements, father learned that mother had indeed used PayPal to conduct online sales. Second, also prior to the entry of the judgment, mother testified that she was "unemployed," despite having an income from those online sales. And lastly, father contends that mother's counsel misrepresented mother's income by stating that she did not have an income for several months despite receiving a paycheck from her then-employer, Rogue Credit Union (RCU) during that time timeframe.

The trial court did not abuse its discretion. To set aside a judgment under ORCP 71 B(1)(c),[1] there must be clear and convincing evidence that the judgment was procured as a result of fraud, overreaching or "other misconduct." *Auble and Auble*, 125 Or App 554, 559, 866 P2d 1239 (1993). None of the discrepancies that father identifies rise to that level such that the trial court's decision was legally impermissible. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (a trial court's discretionary authority allows it to choose among several legally correct outcomes provided that its factual determinations are supported by the evidentiary record). Mother's misstatement that she did not use PayPal does not amount to clear and convincing evidence

---

[1] ORCP 71 B(1)(c) provides that "the court may relieve a party or such party's legal representative from a judgment for the following reasons: *** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

that the judgment was fraudulently obtained. Similarly, mother's statement that she was "unemployed" was not fraud requiring the set aside of a judgment; indeed, it was not even necessarily inconsistent with the fact that she sold items online. Perhaps more importantly, and as the trial court observed, it is not clear that the sale of items was income at all, because there is no evidence of how much those items cost. Finally, mother's counsel's mention that mother did not receive an income for a three-month period does not render the judgment fraudulently obtained because those statements, accurate or otherwise, came after the judgment had been entered. Mother had filed a Uniform Support Declaration form in March 2020, which listed her income from RCU. She testified that she was no longer employed by RCU in October 2020. The evidence demonstrates that mother stopped receiving a paycheck from RCU in August 2020.

None of those discrepancies compelled the trial court to set aside the supplemental judgment. Contrary to father's argument, the mere existence of misrepresentations does not automatically require setting aside a judgment and the trial court was entitled to conclude that those discrepancies were not significant enough to set aside the judgment. *Cf. Heritage Properties v. Wells Fargo Bank*, 318 Or App 470, 486, 508 P3d 577 (2022) (concluding that the plaintiff's concealment of material facts "throughout the case to both the arbitrator—including, at times, when the plaintiff was unopposed in the arbitration" justified setting aside the judgment under ORCP 71 B(1)(c)).

In his second assignment of error, father contends that the trial court erred "in not weighing [mother's counsel's] tactics to deny proper discovery" as extrinsic evidence of fraud. *See* ORCP 71 B(1)(c) (authorizing the trial court to set aside a judgment based on extrinsic fraud). Father points to three acts that ostensibly support that allegation: (1) mother did not timely turn over her bank statements; (2) mother made misrepresentations when testifying about her PayPal deposits; and (3) mother's attorney filed a motion to quash a subpoena that would have granted father access to mother's bank statements.

However, those three points of contention do not amount to extrinsic fraud justifying setting aside the judgment. Extrinsic fraud is unrelated to the "merits of the case." *MBNA America Bank v. Garcia*, 227 Or App 202, 208, 205 P3d 53 (2009). "Examples of extrinsic fraud include keeping a party in ignorance of an action, false offers of compromise, an attorney's betrayal of the client's interest to an adversary and other acts of a similar nature." *JRD Development Joint Venture v. Catlin*, 116 Or App 182, 184, 840 P2d 737 (1992), *adh'd to as modified on recons*, 118 Or App 502, 848 P2d 136, *rev den*, 316 Or 528 (1993). Although an attorney's behavior during the discovery process could conceivably amount to extrinsic fraud if it prevented "a real contest of the subject matter of the litigation before the court," that is not what happened here. *A. B. A. v. Wood*, 326 Or App 25, 27, 530 P3d 522 (2023) (citing *Wimber v. Timpe*, 109 Or App 139, 146, 818 P2d 954 (1991)). Father knew of—and indeed litigated—the discovery complaints. *See Heritage Properties*, 318 Or App at 482 (explaining that extrinsic fraud prevents an opposing party from trying the case). Therefore, the trial court did not abuse its discretion in concluding that those discovery disputes do not arise to extrinsic fraud.

In his third assignment of error, father contends that the trial court erred in determining that "there was not sufficient evidence of any difference in" mother's income. Father misconstrues the trial court's ruling, which was that any difference between mother's income and the imputed minimum wage was insufficient to justify setting aside the judgment for purposes of ORCP 71 B(1)(c). For the reasons explained regarding father's first assignment of error, the trial court did not abuse its discretion in making that determination.[2]

Affirmed.

---

[2] At oral argument, father contended that he was seeking a hearing to further expound his argument that mother misrepresented her income based on a delay in receiving mother's bank statements. The trial court did hold a hearing on that issue, and father submitted exhibits to support his claims. That is what father was entitled to pursuant to ORCP 71. *State ex rel Frohnmayer v. Low*, 105 Or App 357, 362, 804 P2d 1217 (1991). As to the original hearing regarding mother's income, the trial court offered father a continuance so that he could obtain mother's bank statements prior to proceeding with the hearing. Father opted instead to proceed without that evidence.