No. 607　　　　　July 9, 2025　　　　　665

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner-Respondent,*

*v.*

Danny D. BALDWIN,
*Respondent-Appellant,*
*and*

Jenny L. BALDWIN,
*Obligee.*

Josephine County Circuit Court
23DR06216; A183191

Sarah E. McGlaughlin, Judge.

Submitted June 4, 2025.

Danny D. Baldwin filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

This appeal involves a challenge to the trial court's order confirming registration of a support order issued by a court in Washington state. Appellant, who now lives in Oregon, contends that the court erred in registering the Washington support order because, in his view, that order was obtained by fraud and the trial court here lacked jurisdiction to enter the order of registration. Appellant failed to make a showing of extrinsic fraud, as is required to establish a defense to registration of the Washington order, and his arguments regarding jurisdiction are not well taken. Accordingly, we affirm.

We briefly summarize the facts necessary to understand our decision. In 2010, as part of a marital dissolution proceeding, a Washington state court ordered appellant to pay child support and spousal maintenance. Appellant objected to the use of documents that he believed were misleading "many times" before the Washington court and, at some point, hired an attorney to "correct the record," but did not achieve the results he sought. In 2014, a Washington court in a different county entered a new order reducing appellant's monthly child support obligation significantly, imputing his income at a lower amount because it found that appellant was voluntarily unemployed. Appellant made some payments but did not keep up with his child support obligation and did not pay any spousal support.

In October 2022, the Division of Child Support of the Oregon Department of Justice requested that Josephine County Circuit Court register the Washington support order. By then appellant owed a substantial amount in arrearages. The trial court notified appellant that the Washington support order had been registered and informed him of his right to contest the validity or enforcement of the order. Appellant appeared *pro se* to contest the registration and focused on the argument that the Washington support order "was obtained by fraud," which is one of the allowable defenses under ORS 110.620(1)(b).

The crux of appellant's argument was that the support obligations ordered by the Washington court were

based on miscalculations of his income; he challenged the substance of evidence on which the court based its determinations in various ways. The court denied appellant's motion contesting registration of the Washington order via an order confirming the registration. Appellant appeals that order.

To the extent that appellant challenges the trial court's interpretation of the statute and its exercise of subject matter jurisdiction, we review for legal error. *See Rider v. Carranza*, 306 Or App 616, 618, 475 P3d 467 (2020) (statutory interpretation reviewed for errors of law); *Peters v. C21 Investments, Inc.*, 322 Or App 462, 465, 520 P3d 920 (2022), *rev den*, 371 Or 309 (2023) (exercise of subject matter jurisdiction reviewed for errors of law).

By way of background, the Uniform Interstate Family Support Act (UIFSA), codified in ORS chapter 110, governs the procedures for interstate enforcement of support orders. UIFSA was developed, adopted, and amended in response to federal legislation mandating the adoption of certain child support guidelines and enforcement procedures and has been adopted in every state. *See State of Oregon DCS v. Anderson*, 189 Or App 162, 176-77, 74 P3d 1149, *rev den*, 336 Or 92 (2003) (describing the context of its enactment); *see also Vaughn v. Vaughn*, 308 Or App 619, 627 n 8, 481 P3d 932 (2021) (citing legislative history for the proposition that the Oregon legislature "was tasked with adopting the 2008 version of the UIFSA verbatim, with minor stylistic changes, in order to maintain federal funding"); Prefatory Note, Uniform Interstate Family Support Act, at 1-2 (2008); 42 USC § 666(f) (requiring enactment of UIFSA).

When a support order is registered in Oregon, the court must "notify the nonregistering party." ORS 110.614(1) (notice requirements). A party may "contest the validity or enforcement of a registered support order" by requesting a hearing within 20 days. ORS 110.617(1); ORS 110.614(2)(b). Among the defenses that may be asserted to vacate the registration of a support order is that "[t]he order was obtained by fraud ***." ORS 110.620(1)(b). Relying on that defense, appellant argues (as he did below) that the Washington support order was obtained by fraud because it was based

on inaccurate information about his income. However, as we will explain, appellant's interpretation of a "fraud" defense as allowing him to relitigate the factual basis for the order itself is inconsistent with the UIFSA. To establish a fraud defense, appellant needed to prove extrinsic fraud— that is, fraud that he could not have addressed during the Washington proceedings and that rendered the Washington order invalid.

We apply our usual methodology of examining statutory text, in context, and legislative history to determine the intent of the legislature in including a fraud defense. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). "Fraud" means "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." *Black's Law Dictionary* 731 (9th ed 2009). We have previously recognized that the commentary to the UIFSA "informs its meaning." *See Vaughn*, 308 Or App at 627. That commentary characterizes the defenses allowed under the statute as "narrowly defined" and states that there is "no defense *** to the registration of a valid foreign support order." Commentary, Uniform Interstate Family Support Act, §§ 606, 607 (1996). Allowing a party to prove a fraud defense by pointing out mere inaccuracies or errors in the issuing state's proceedings would make the fraud defense exceedingly broad and would open many valid support orders to collateral attack. Moreover, allowing a party to relitigate support orders every time the party moved to a new state would contravene UIFSA's purpose of facilitating interstate enforcement of support orders. We therefore conclude that ORS 110.620(1)(b) does not permit an inquiry into the issuing state's proceedings of the type urged by appellant.

We have long held that Oregon courts have "inherent authority to set aside a judgment for extrinsic fraud only." *See Dept. of Human Services v. M. M. R.*, 296 Or App 48, 51, 437 P3d 1233, *rev den*, 365 Or 194 (2019). We likewise understand the reference to a fraud defense in ORS 110.620(1)(b) to require a party to prove extrinsic fraud— that is, fraud which is "collateral or unrelated to the factfinder's consideration of the merits" such that "the unsuccessful

party has been prevented by the fraud from fully trying the case." *Heritage Properties, LLC v. Wells Fargo Bank*, 318 Or App 470, 508 P3d 577 (2022); *see also JRD Development Joint Venture v. Catlin*, 116 Or App 182, 184-85, 840 P2d 737 (1992), *adh'd to as modified on recons*, 118 Or App 502, 848 P2d 136, *rev den*, 316 Or 528 (1993) ("Examples of extrinsic fraud include keeping a party in ignorance of an action, false offers of compromise, an attorney's betrayal of the client's interest to an adversary and other acts of a similar nature.").

Intrinsic fraud, on the other hand, "consists of acts which pertain to the merits" of the case at issue, such as perjury or the presentation of forged evidence. *Johnson v. Johnson*, 302 Or 382, 384, 393, 730 P2d 1221 (1986). As we have previously explained, the reason courts have inherent authority to set aside a judgment based on extrinsic fraud but not intrinsic fraud[1] is that, if the fraud was intrinsic, then "the litigant had an opportunity to refute the representations," and when that opportunity "is not used, the litigant is denied relief because of a policy that there must be finality in litigation." *M. M. R.*, 296 Or App at 52 (internal quotation marks omitted). The same is true when the opportunity is used but the factfinder is unpersuaded—the matter has been litigated and requires finality.

The same principle applies in this context. Among other things, UIFSA ensures that a state's valid support order is enforced in all states. Additionally, the federal Full Faith and Credit for Child Support Orders Act generally requires each state to "enforce according to its terms a child support order" made by "a court of another State." 28 USC § 1738B(a)(1); *see also* US Const, Art IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). That purpose would be eroded if a sister state could reopen factual issues, such as the calculation of a party's income for purposes of determining a support obligation.

---

[1] Apart from the court's inherent authority to set aside a judgment for extrinsic fraud, ORCP 71 B(1) provides an avenue for setting aside a judgment based on intrinsic fraud, but only "within a reasonable time" and "not more than one year after receipt of notice *** of the judgment." *Id.*

Here, appellant testified that he objected to what he believed were inaccurate documents "many times" before the Washington courts. He may not use the fraud defense to the UIFSA to relitigate that issue. Instead, to establish a fraud defense, appellant needed to establish fraud that would have made the Washington order wholly invalid, even in Washington. He could not make that showing by establishing that the numbers litigated before the Washington court were inaccurate.

Appellant's other arguments, including the argument that the court lacked jurisdiction to register the Washington order, present no basis for reversal, and we reject them without further discussion. Because appellant did not establish a defense to the registration of the order, the trial court correctly confirmed its registration.

Affirmed.